**Ophel H. ZEVALKINK, Claimant–Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Respondent–Appellee.**

**Eleanor M. HESSE, Claimant–Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Respondent–Appellee.**

Nos. 94–7101, 95–7012.

United States Court of Appeals, Federal Circuit.

Dec. 17, 1996.

Michael P. Horan, Paralyzed Veterans of America, Washington, DC, argued, for claimant-appellant Ophel Zevalkink.

Miguel A. Serrano, Trial Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, Washington, DC, argued, for respondent-appellee. With him on the brief were Frank W. Hunger, Assistant Attorney General, David M. Cohen, Director, and James M. Kinsella, Assistant Director. Of counsel were Richard J. Hipolit, Deputy Assistant General Counsel, and Nicole Sideris, Attorney, Department of Veterans Affairs, Washington, DC.

Christopher Arne Cole, Kirkland & Ellis, Washington, DC, argued, for claimant-appellant Eleanor M. Hesse. With him on the brief were Kenneth W. Starr and Jay I. Alexander.

Andrea I. Kelly, Attorney, Commercial Litigation Branch, Civil Division, Depart-

ment of Justice, Washington, DC, argued, for respondent-appellee. With her on the brief were Frank W. Hunger, Assistant Attorney General, David M. Cohen, Director, James M. Kinsella, Assistant Director, and Lydia K. Griggsby, Attorney. Of counsel was Bryant G. Snee, Attorney. Of counsel, on the brief were Richard J. Hipolit, Deputy Assistant General Counsel, and Nicole Sideris, Attorney, Department of Veterans Affairs, Washington, DC.

Before ARCHER, Chief Judge, and RICH, and MICHEL, Circuit Judges.

ARCHER, Chief Judge.

The issue in No. 94–7101 is whether a claimant under 38 U.S.C. § 5121 (1994), for a deceased veteran's accrued benefits, must present new and material evidence to reopen the veteran's previously denied claim for benefits, and the issue in No. 95–7012 is whether such a claimant has standing to be substituted for a deceased veteran in the prosecution of the veteran's claim for benefits pending at the date of death before the Court of Veterans Appeals. These cases have been consolidated for purposes of disposition.

We affirm the holding of the Court of Veterans Appeals that new and material evidence is required to reopen a previously denied claim. We also affirm its decision refusing to substitute a claimant under § 5121 for the deceased veteran in a pending proceeding before the Court of Veterans Appeals.

## BACKGROUND

A. In No. 94–7101, Mr. Zevalkink, a World War II veteran, had pursued a claim for service connection for a kidney disorder prior to his death. That claim was denied in a decision dated April 19, 1985, by the Board of Veterans' Appeals (BVA or Board).

1. Certain other physical conditions were alleged to have been service connected but have been pursued and are not at issue here.

2. In order for the Court of Veterans Appeals to have jurisdiction over an appeal from the BVA, the claimant must have filed a notice of disagreement (NOD) with the RO with respect to that claim on or after November 18, 1988. Veterans' Judicial Review Act, Pub.L. No. 100–687, 301(a), 102 Stat. 4113 (1988), renumbered Pub.L. No.

After the death of her husband, Ophel H. Zevalkink (Mrs. Zevalkink), as surviving spouse, filed a claim with the Los Angeles, California Regional Office (RO) of the now Department of Veterans Affairs (VA) for accrued benefits under 38 U.S.C. § 5121(a). Mrs. Zevalkink asserted that her husband had been entitled, at the time of his death, to an award of service connection for a kidney disorder.[1]

On August 2, 1989, the RO denied Mrs. Zevalkink's claim for accrued benefits on the basis that no new information had been submitted since the last hearing on Mr. Zevalkink's claim. The RO also stated that "[a] review of the evidence in file does not show [service connection] for any of the conditions on appeal, hence the prior denial [sic] are confirmed & continued."

Similarly, in a June 1991 decision, the BVA agreed with the RO's determination that no new and material evidence had been submitted since the 1985 denial of Mr. Zevalkink's claim for service connection for a kidney disorder and that, as a result, the claim could not be reopened. The Board stated that "[i]n order to now establish entitlement to service connection for kidney disability, there must be new evidence which is relevant and material and which establishes a basis for service connection for kidney disease."

Mrs. Zevalkink then appealed to the Court of Veterans Appeals which, in an *in banc* decision, affirmed the BVA. *Zevalkink v. Brown*, 6 Vet.App. 483, 488–89 (1994).[2] The court agreed with the BVA's determination that Mrs. Zevalkink had to show the presence in her husband's file of "new and material evidence" relating to the kidney disorder in order to pursue her claim for accrued benefits under § 5121 based on that condition. *Id.* at 489. The court reasoned that

102–40, § 402(d)(2), 105 Stat. 238 (1991) (*see* 38 U.S.C. § 7251 note); *see also Hamilton v. Brown*, 39 F.3d 1574, 1576 (1994). In this case, the Court of Veterans Appeals held that Mrs. Zevalkink's accrued benefits claim, while derivative of her deceased husband's disability claim, was a separate claim. Because Mrs. Zevalkink filed a NOD as to the RO's denial of this accrued benefits claim, the court determined, *sua sponte*, that it had jurisdiction in this case.

this conclusion was required to give meaning to all parts of the statute and to harmonize § 5121 with other statutory provisions such as 38 U.S.C. §§ 7104(b) and 5108 (1994), regarding the finality and reopening of VA benefit claims. *Id.* at 491.

Mrs. Zevalkink has appealed the Court of Veterans Appeals' determination that new and material evidence is required for a claimant under § 5121 to reopen a deceased veteran's claim.

B. In No. 95–7012, Eleanor M. Hesse's (Mrs. Hesse) claim for accrued benefits under § 5121 is based on the claim of her husband, Burt Hesse, for disability benefits for chronic obstructive pulmonary disease, which was pending before the Court of Veterans Appeals at the time of his death. Mr. Hesse first applied for benefits in 1976. The RO and the BVA denied his claim in decisions dated February 8, 1977 and November 21, 1977, respectively. Mr. Hesse attempted to reopen his claim at least eight times between 1978 and 1988, each time submitting additional documentation or testimony. In 1984, Mr. Hesse submitted and relied on a 1945 letter awarding him service connection and 10% compensation for a "lung condition." In all instances, however, the BVA refused to reopen Mr. Hesse's claim. The BVA's last decision relating to Mr. Hesse's attempts to reopen his claim was on April 17.1990. *See Hesse v. Derwinski,* 2 Vet.App. 359, 360–61 (1992) (detailing the procedural history of Mr. Hesse's claim for service connection).

Mr. Hesse sought review of this last BVA decision by the Court of Veterans Appeals.[3] While this appeal was pending, however, Mr. Hesse died. After his death, the Court of Veterans Appeals, as was then its practice, *see Landicho v. Brown,* 7 Vet.App. 42, 47 (1994), substituted Mrs. Hesse as appellant in Mr. Hesse's appeal under Rule 43(a) of its Rules of Practice and Procedure.

With Mrs. Hesse pursuing her husband's claim, the Court of Veterans Appeals found,

in a decision dated April 22, 1992, that the BVA had not adequately supported its findings and conclusions, and remanded the case to the BVA. *Hesse,* 2 Vet App. at 361. The court specifically asked the BVA to consider whether Mr. Hesse was entitled to benefits based on the 1945 letter or why that letter was not probative. On remand, the BVA again determined that no new evidence was present to justify reopening Mr. Hesse's claim. As to the 1945 letter, the BVA stated that its authenticity had not been proven under the best evidence rule and, therefore, refused to consider whether this letter established that the VA had granted Mr. Hesse service connection for a lung disorder rated at 10% disabling.

Mrs. Hesse again appealed to the Court of Veterans Appeals. At this time, however, the Court of Veterans Appeals had pending before it two cases: *Zevalkink,* discussed above, and *Landicho v. Brown,* 7 Vet.App. 42 (1994). In *Landicho* the Court of Veterans Appeals reconsidered its admittedly routine practice of permitting substitution under the court's Rule 43(a).

Rule 43(a)(2) provided:

After Notice of Appeal. If a party dies after a Notice of Appeal is filed or while a proceeding is pending in this Court, any person claiming entitlement to accrued benefits under 38 U.S.C. § 5121(a), the personal representative of the deceased party's estate, or any other appropriate person may be substituted as a party on motion by such person or by any party. If no such person exists, any party may suggest the death on the record and proceedings will then be as the Court directs.

The court decided that a party claiming entitlement to accrued benefits under 38 U.S.C. § 5121(a) could not be substituted for a deceased veteran in a pending proceeding involving the veteran's claim for disability compensation.[4] *Landicho,* 7 Vet.App. at 53–54.

---

3. The Court of Veterans Appeals was established in 1988 pursuant to the Veteran's Judicial Review Act, § 301(a), renumbered § 402 (codified as amended at 38 U.S.C. §§ 7251–56, 7261–69, 7281–86, 7291–92, 7296–98).

4. The court did not address the propriety of substituting the other entities described in Rule 43(a), such as the personal representative of the veteran's estate, and we take no position on that issue in this appeal.

The court reasoned that a veteran's disability compensation claim does not survive the veteran's death because under 38 U.S.C. § 5112(b) (1994), disability compensation is terminated on the last day of the month before the date of death. *Id.* at 47. As a result, the court concluded that no claim is pending at the time of the veteran's death as to which any party may be substituted. *Id.* The court pointed out that, although an accrued benefits claim may depend on the veteran's entitlement to unpaid disability compensation, it is a separate claim from the disability claim. *Id.*

The court then considered, given the separateness of the claims, whether for a claimant under § 5121 there was a continuing "case or controversy" and whether such a claimant would have standing to pursue the pending appeal. *Id.* at 48–49. The court determined that because there had been no adjudication as to whether the person to be substituted for the deceased veteran would be qualified under § 5121 to receive accrued benefits, any decision the court might render on service connection would be purely hypothetical. *Id.* The court also determined that a § 5121 claimant would not be "adversely affected" by an outstanding BVA decision because the § 5121 claimant's action is separate and distinct from the deceased veteran's BVA proceeding. *Id.* at 53.

Thus, in *Landicho,* the Court of Veterans Appeals decided it did not have jurisdiction to decide the merits of a deceased veteran's disability claim after the veteran's death and that, as a result, an accrued benefits claimant could not be substituted in a proceeding on a deceased veteran's claim. The court then amended its Rule 43(a)(2) so that accrued benefits claimants are not entitled to be substituted in the pending case of a deceased veteran.

Recognizing that both *Zevalkink* and *Landicho* were pertinent to and dispositive of Mrs. Hesse's case, the parties jointly requested that the Court of Veterans Appeals

dismiss her appeal on the basis of those controlling cases. The Court of Veterans Appeals granted the dismissal, *Hesse v. Brown,* 7 Vet.App. 126 (1994), and Mrs. Hesse now appeals to this court.[5]

## DISCUSSION

This court's jurisdiction to review decisions of the Court of Veterans Appeals is limited. 38 U.S.C. § 7292 (1994). We are authorized to "review and decide any challenge to the validity of any statute or regulation or any interpretation thereof ... and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c). Except to the extent that a constitutional issue is present, we may not review a challenge to a factual determination or a challenge to a law or regulation as applied to the facts of a particular case. 38 U.S.C. § 7292(d)(2); *see Barnett v. Brown,* 83 F.3d 1380, 1383 (Fed.Cir.1996). The Court of Veterans Appeals' interpretation of the requirements of § 5121 and other statutory provisions as well as the question of whether the statutory scheme permits substitution are, therefore, within our jurisdiction.

### I. Jurisdiction

The Secretary challenges Mrs. Hesse's right to appeal in this case because "the order of the [Court of Veterans Appeals] dismissing her claim did not state Ms. Hesse sought to preserve any of her rights to appeal the dismissal" and, as a result, "there exists no case or controversy for Ms. Hesse to bring before the Court on appeal because Ms. Hesse voluntarily sought and obtained a dismissal of her appeal to the [Court of Veterans Appeals]." We find this argument quite surprising in view of the fact that the parties jointly stipulated to the dismissal because of the Board's decisions in *Landicho* and *Zevalkink* and stated that "[b]oth parties recognize that if the Court grants this Mo-

---

5. Mrs. Hesse also presents arguments on appeal directed to the question of whether new and material evidence is required under § 5121, the same question raised in Mrs. Zevalkink's appeal. However, because of our holding on the question of whether she may be substituted for her hus-

band in the pending case before the Court of Veterans Appeals, we will not consider the new and material evidence arguments by Mrs. Hesse except to the extent they are also disposed of in Mrs. Zevalkink's case.

tion and enters judgment, Appellant will immediately appeal the judgment to the United States Court of Appeals for the Federal Circuit and seek to consolidate her action with the pending *Zevalkink* appeal."

In its October 26, 1994 order dismissing Mrs. Hesse's action, the court specifically referenced the parties' joint motion for dismissal and appellant's concession that dismissal was required under the court's decisions in *Zevalkink* and *Landicho.* It is clear that the court dismissed Mrs. Hesse's case because of those decisions, which Mrs. Hesse intended to contest in an appeal to this court. Further, Mrs. Hesse thereafter filed and the court granted an unopposed motion to recall the mandate, which she noted had been issued prematurely in view of her appeal. Accordingly, we conclude that Mrs. Hesse preserved her right to appeal, and we find no jurisdictional infirmity.

### II. New and Material Evidence

Section 5121 specifies that certain accrued benefits to which a veteran was entitled at the time of the veteran's death will be paid. Specifically, § 5121 provides:

> periodic monetary benefits (other than insurance and servicemen's indemnity) under laws administered by the Secretary to which an individual was entitled at death under existing ratings or decisions, or those based on evidence in the file at date of death ... and due and unpaid for a period not to exceed one year, shall, upon the death of such individual be paid....

38 U.S.C. § 5121(a). The statute then delineates the order of preference in paying out such benefits. *See* 38 U.S.C. § 5121(a)(1)–(5).

Under the statutory scheme, claims for benefits are first filed with the RO. The decision of the RO may be appealed to the BVA after filing a notice of disagreement (NOD) with the RO within one year of the decision. 38 U.S.C. § 7104; 38 CFR § 20.302(a). Once the BVA has issued a final decision, the statute provides in 38 U.S.C. §§ 7104 and 5108, that the BVA may not reconsider and allow a claim which it has previously disallowed unless new and material evidence is presented. *Barnett v. Brown,*

83 F.3d 1380, 1384 (Fed.Cir.1996). Specifically, § 7104 says that "[e]xcept as provided in section 5108 of this title, when a claim is disallowed by the Board, the claim may not thereafter be reopened and allowed and a claim based upon the same factual basis may not be considered." Section 5108 directs the Secretary to reopen a previously disallowed claim if new and material evidence is presented.

■ Appellants argue that the Court of Veterans Appeals' requirement that they produce new and material evidence in seeking accrued benefits under § 5121 contradicts the language of that section which provides that accrued benefits may be determined "based on evidence in the file at date of death." Appellants argue that their claims are separate from their husbands' claims, as the Court of Veterans Appeals recognized when it held that appellants must file their own NODs, and that those claims should be treated and analyzed separately based on all evidence in the file. Appellants further contend that §§ 7104 and 5108 regarding the finality and the reopening of claims, while applicable to claims made by their deceased husbands, do not apply to them because their claims have never been finally decided.

■■ We disagree. A claim for accrued benefits under § 5121, as the Court of Veterans Appeals correctly held, is a separate claim from the veteran's claim for service connection because it is based on a separate statutory entitlement for which an application must be filed in order to receive benefits. *See* 38 U.S.C. § 5121(c) ("Applications for accrued benefits must be filed within one year after the date of death."). At the same time, however, an accrued benefits claim is derivative of the veteran's claim for service connection, *i.e.,* the claimant's entitlement is based on the veteran's entitlement. Section 5121 provides direction on how to apply for accrued benefits which were "due and unpaid" to the veteran at the time of death and to whom the benefits are to be paid. Under § 5121, therefore, a claimant is only entitled to what was properly due the veteran at the time of death, but which was unpaid.

The language in § 5121 relied on by appellants to urge reversal bears this out. Contrary to appellants' argument, § 5121 does not entitle the claimant to a re-adjudication of the veteran's claim. Rather, it shows that the accrued benefits claim is derivative of the veteran's claim. Thus, the main thrust of the statute is to pay benefits that were "due and unpaid" to the veteran based on *"existing ratings or decisions."* 38 U.S.C. § 5121.

If the existing decisions were adverse, then no benefits are payable. While living, the veteran was bound by those existing decisions and could not have had them reconsidered absent new and material evidence. Sections 5108 and 7104 of title 38 expressly preclude the RO and BVA from considering a prior adjudicated claim unless new and material evidence is presented. *See Barnett,* 83 F.3d at 1384.

Appellants have presented no compelling argument, nor pointed to any statutory language, showing why existing ratings and decisions should be reopened without such new and material evidence. Appellants argue, in effect, that the clause which states that accrued benefits may be "based on evidence in the file at date of death" allows them to reopen, and have a new adjudication of, any existing decision or rating. As shown, however, this would be inconsistent with the other provisions of § 5121 and with the central purpose of the statute which is to pay accrued benefits based on "existing ratings and decisions." Thus, we interpret the clause relied on by appellants as permitting the new adjudication of a prior claim only if there is new and material evidence in the file which has not previously been considered.

Appellants argue that this interpretation would violate the Due Process Clause of the U.S. Constitution because it binds them to decisions rendered through a procedure in which they were not allowed to participate. As discussed above, however, the accrued benefits claim is derivative of the veteran's claim and, by statute, the claimant takes the veteran's claims as they stand on the date of death, *i.e.,* based on existing ratings and decisions and based on any new and material evidence in the file that has not previously been considered. Before the veteran's death, of course, the claimant has no claim and, thus, no process rights.

Finally, appellants argue that the VA's own regulation, 38 C.F.R. § 20.1106, requires the BVA to consider their claims without regard to any prior adjudication of the underlying claims. In this regard, they rely on the § 20.1106 provision that "issues involved in a survivor's claim for death benefits will be decided without regard to any prior disposition of those issues during the veteran's lifetime." The Secretary counters that the term "death benefits" in the regulation, as in 38 U.S.C. § 5310 (1994), refers to death compensation in chapter 11, dependency and indemnity compensation in chapter 13, and death pension in chapter 15, all of title 38, which are continuing, periodic benefits based on the beneficiary's status as the veteran's spouse and does not refer to accrued benefits. Accrued benefits, by contrast, are sums owing to the veteran for prior periods, but unpaid at the time of death. Because accrued benefits are based on the veteran's own entitlement, the Secretary says they are not properly classified as "death" benefits.

The Court of Veterans Appeals correctly determined that the Secretary's interpretation of its regulation was not unreasonable. Although the VA regulations do not define the term "death benefits," that term is used in 38 U.S.C. § 5310. Section 5310 refers to the surviving spouse's entitlement "to *death benefits* under chapter 11, 13, or 15 of this title" (emphasis added) and provides how those benefits are to be paid. The accrued benefits statute, in contrast, appears in chapter 51 of title 38, entitled "Claims, Effective Dates, and Payments," and relates to the payment of benefits previously "due and unpaid." We see nothing inconsistent with the statute in the Secretary's interpretation of the regulatory use of the term "death benefits." Accrued benefits are amounts "due and unpaid" prior to the veteran's death and are not in the nature of death benefits of the type referred to in 38 U.S.C. § 5310.

### III. Substitution

Appellant Hesse argues that the Court of Veterans Appeals, in refusing to allow her to continue prosecuting her husband's claim, has applied an unduly restrictive and formalistic approach to its jurisdiction and the requirement of a "case or controversy." This is especially true, according to Mrs. Hesse, because the Court of Veterans Appeals is an Article I court, and the Article III justiciability limitations it adopted are not constitutionally required. Mrs. Hesse urges that the Court of Veterans Appeals has flexibility in determining what constitutes a justiciable controversy and should not have ruled the way it did.

Mrs. Hesse also contends that the court erred in determining that a claim for service connection does not survive a veteran's death. She argues that 38 U.S.C. § 5112(b)(1) merely provides for termination of "payments" to the veteran upon the veteran's death and does not affect the survival of the underlying claim for benefits. As to that underlying claim, Mrs. Hesse argues that it must survive since it is explicitly referred to in § 5121 establishing accrued benefits. Moreover, Mrs. Hesse asserts that she has standing to pursue her husband's claim because her claim is factually and procedurally dependent on her husband's claim and she, thus, would be injured if she were forced to start all over again.

The Secretary counters each of Mrs. Hesse's arguments. In particular, the Secretary contends that mere administrative delay is not sufficient injury to confer standing upon Mrs. Hesse and that the BVA decision, which gave rise to the appeal to the Court of Veterans Appeals, was rendered a nullity by her husband's death. Accordingly, Mrs. Hesse's claim can be decided following the normal administrative procedures without regard to that decision.

■ We conclude that the Court of Veterans Appeals did not err in determining not to allow Mrs. Hesse to be substituted in the prosecution of her husband's claim for service connection.

As a court established under Article I of the U.S. Constitution, the Court of Veterans Appeals is not bound to the "case or controversy" requirement of Article III. However, it has decided, based on the same prudential considerations behind the "case or controversy" requirement, i.e., courts should only decide real and substantial controversies, not hypothetical claims, *Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 241, 57 S.Ct. 461, 464, 81 L.Ed. 617 (1937), that it would refrain from deciding cases that do not present an actual case or controversy. *Mokal v. Derwinski,* 1 Vet.App. 12, 13 (1990).

■ Generally, the requirement that a party have "standing" to appear before a court is intended to ensure that the court is deciding a real "case or controversy." *See Warth v. Seldin,* 422 U.S. 490, 498, 95 S.Ct. 2197, 2204–05, 45 L.Ed.2d 343 (1975). To have standing a party must have suffered some actual or threatened injury. *Warth,* 422 U.S. at 499, 95 S.Ct. at 2205. Under 38 U.S.C. § 7266(a) (1994), a party must be "adversely affected" by a decision of the Board in order to appeal to the Court of Veterans Appeals. The Court of Veterans Appeals considers this a "standing" requirement and that a party must, therefore, show some actual or threatened injury. *Landicho,* 7 Vet.App. at 49.

We agree with the Court of Veterans Appeals that Mrs. Hesse is not "adversely affected" by its refusal to permit substitution. As discussed above, an accrued benefits claim is separate from the veteran's underlying claim for service connection and disability compensation. Section 5121 specifies that an accrued benefits claimant must file an application for benefits within one year after the date of death of the veteran. VA regulations define claim or application as "a formal or informal communication in writing requesting a determination of entitlement or evidencing a belief in entitlement, to a benefit." 38 C.F.R. § 3.1 (1996). The initial determination on a claim is made by the agency of original jurisdiction, in this case the RO, 38 C.F.R. § 20.3(a) (1996), and not the Court of Veterans Appeals. After an initial decision, an appeal may only be taken after the issues have been framed by the filing of a NOD with the RO. *See* 38 U.S.C. § 7105. Indeed, an accrued benefits claimant must file a sepa-

rate NOD with the RO to initiate appellate review. Payment on a veteran's disability compensation claim, on the other hand, terminates on the last day of the month before the veteran's death. 38 U.S.C. § 5112(b)(1). Thus, after a veteran's death, the claim is no longer one for disability compensation but rather one for accrued benefits. The administrative and appellate procedures available to Mrs. Hesse on her separate claim ensure that she will not suffer injury by the Court of Veterans Appeals' decision to deny substitution. Any delay inherent in pursuing her own claim, when this procedure is established by statute, does not constitute the kind of actual or threatened injury that confers standing. *See Randolph–Sheppard Vendors of America v. Weinberger*, 795 F.2d 90, 108 (D.C.Cir.1986) (stating that the time required to pursue an administrative remedy does not constitute irreparable injury such as would excuse a claimant from exhausting administrative remedies).

In this case, the Court of Veterans Appeals also determined that Mrs. Hesse must pursue her claim for accrued benefits separately from her husband's claim in part because her status as the appropriate claimant had not been adjudicated. Section 5121 lists a number of potential accrued benefits claimants such as the veteran's spouse, children, or parent or the person who bore the expense of burial. Thus, the determination of whether a party qualifies as an accrued benefits claimant necessarily involves fact finding. The Court of Veterans Appeals is not a trier of fact and is not in a position to make such factual determination. While the Court of Veterans Appeals could perhaps remand the question of whether Mrs. Hesse qualifies as

an accrued benefits claimant to the RO, we will not require the Court of Veterans Appeals to make such a limited referral. By following the established administrative course of filing a claim with the RO, both the question of Mrs. Hesse's status as the § 5121 claimant, as well as the merits of her claim, can be considered together. If that decision should be adverse, it can be appealed with a full record to the BVA and to the courts.

Thus, we cannot conclude that the Court of Veterans Appeals erred in refusing to substitute Mrs. Hesse in the prosecution of her husband's claim and in requiring Mrs. Hesse to file her own claim for accrued benefits.

## CONCLUSION

We conclude that the Court of Veterans Appeals correctly determined that an accrued benefits claimant under 38 U.S.C. § 5121 must point to new and material evidence in the veteran's file to re-open the veteran's claim for benefits which has previously been finally decided. We therefore affirm the Court of Veterans Appeals' judgment in No. 94–7101. Moreover, because an accrued benefits claimant is required to file a separate claim for benefits, we affirm in No. 95–7012 the Court of Veterans Appeals' dismissal of Mrs. Hesse's case.

*AFFIRMED.*