ORDER
PER CURIAM:
On December 6, 2002, the appellant, through counsel, filed a Notice of Appeal from an August 8, 2002, Board of Veterans’ Appeals (Board) decision in which the Board denied his claim for VA disability compensation for service-connected osteoarthritis of the right hip on direct, presumptive, and secondary bases. On April 19, 2005, in a full-Court opinion, the Court reversed the Board’s decision with regard to Mr. Padgett’s secondary-service-connection right-hip disability claim. In so doing, the Court concluded that “the only plausible resolution of the key factual issue on the record in this case is that Mr. Pad-gett’s right-hip disability was aggravated by his service-connected left-knee disability.” (emphasis added). The Court went on to set aside the Board decision as to direct and presumptive service connection for the right-hip disability, and remanded the entire matter for further proceedings consistent with its opinion. On April 21, 2005, the appellant’s counsel informed the Court of the appellant’s death in November 2004. On May 19, 2005, the Secretary filed a motion to recall judgment and dismiss the appeal; that motion was later opposed. On its own accord, the Court, on June ■ 17, 2005, recalled judgment. On July 21, 2005, Mr. Padgett’s widow filed a motion for substitution or, in the alternative, intervention.
This Court adheres to the case- or-controversy jurisdictional restraints provided for in Article III of the U.S. Constitution. See Mokal v. Derwinski, 1 Vet.App. 12, 13-15 (1990). Consequently, because claims for disability compensation under chapter 11 of title 38, U.S.Code, do not survive a veteran, when a veteran dies while appealing a Board decision to the Court, there no longer remains a case or controversy and the Court must dismiss the appeal. See Landicho v. Brown, 7 Vet.App. 42 (1994); see also Zevalkink v. Brown, 102 F.3d 1236, 1243-44 (Fed.Cir.1996) (expressly agreeing with this Court’s Landicho holding); Richard v. West, 161 F.3d. 719, 721 (Fed.Cir.1998). If, after a veteran’s death, the Court issues orders in which it enters its judgment on the veteran’s appeal and acts on an application for EAJA fees and those orders constitute the mandate of the Court, the Court must recall those mandates and revoke those orders. See Kawad v. West, 12 Vet.App. 61, 62 (1998) (per curiam order); Keel v. Brown, 9 Vet.App. 124, 126 (1996). In addition, the Court must vacate the underlying Board decision to prevent it from acting as a barrier to the success of any claimant seeking accrued benefits. See Yoma v. Brown, 8 Vet.App. 298, 299 (1995) (per curiam order) (explaining that vacatur *336 of Board decision causes vacatur of underlying regional office decision because latter was subsumed by former). Here, Mr. Padgett died while appealing the August 8, 2002, Board decision to the Court. The Court will therefore vacate that Board decision and dismiss the appeal for lack of jurisdiction.
On consideration of the foregoing, it is
ORDERED that the Secretary’s motion to dismiss is granted. The Court’s April 19, 2005, opinion is withdrawn. It is further
ORDERED that the August 8, 2002, Board decision is VACATED. It is further
ORDERED that this appeal is DISMISSED for lack of jurisdiction. It is further
ORDERED that the motion for substitution or, in the alternative, intervention is denied as moot.