LINN, Circuit Judge,
dissenting.
I respectfully dissent from the majority’s decision to reverse the Veterans’ Court’s vacatur of its en banc opinion and denial of Mrs. Padgett’s motion to be substituted for her husband in the appeal. Under the statutory scheme for accrued benefits, as interpreted by our precedent, I do not believe the Veterans’ Court properly may enter a judgment on behalf of a deceased veteran nunc pro tunc to preserve the judgment’s preclusive effects on the veteran’s survivors, nor do I believe that the Veterans’ Court is free to substitute a veteran’s survivor in a pending administrative proceeding upon the veteran’s death. Accordingly, I would affirm.
In Zevalkink v. Brown, 102 F.3d 1236, 1243-44 (Fed.Cir.1996), we approached the foregoing questions and reached conclusions contrary to those of the majority as to each. The majority distinguishes Zevalkink by holding that “[t]he appealed board decision is in a state of finality not found in the cases where the veteran died prior to the submission of his case.” Ante at 1369. In my opinion, this is not a meaningful distinction. The majority draws its analysis of finality from the Veterans’ Court’s decision in Landicho v. Brown, 7 Vet.App. 42, 52 (1994). See ante at 1369. In Landicho, however, the court noted that the “appeal of a decision does suspend the finality of any judgment with respect to the parties to that case until the appeal is resolved.” 7 Vet.App. at 52 (quoting Tobler v. Derwinski, 2 Vet.App. 8, 11 (1991)) (emphasis added). Whether the veteran dies before or after the case is submitted, the board’s decision is rendered nonfinal by the appeal and is still not final at the time of the veteran’s death. Any subsequent accrued-benefits action by the veteran’s survivor must “tak[e] into ae- *1372 count the effect of [the veteran’s] having filed a[ ] [notice of appeal].” 7 Vet.App. at 52. With all due respect, I believe that the majority therefore begs the question when it holds that giving nunc pro tunc effect to the en banc opinion of the Veterans’ Court is “consistent with DVA’s practice in adjudicating accrued-benefits claims” because it incorporates the final adjudication of service-connectedness. Ante at 1369. The en banc opinion is only a final adjudication if it is — contrary to Zevalkink — allowed to stand.
Likewise, I do not find persuasive the majority’s conclusion that because “judicial precedents are ‘presumptively correct,’ ” we can overlook the possibility that the government will have cause to appeal the Veterans’ Court’s decision. The majority cites U.S. Bancorp Mortgage Co. v. Bonner Mall P’ship, 513 U.S. 18, 115 S.Ct. 386, 130 L.Ed.2d 233 (1994), a case that arose in an entirely different context— whether vacatur of a lower court’s judgment was warranted when the parties settled after an appeal was filed but not decided. In U.S. Bancorp, the Supreme Court held that the “principal condition” to which a court should look in determining whether vacatur is appropriate “is whether the party seeking relief from the judgment below caused the mootness by voluntary action.” 513 U.S. at 24, 115 S.Ct. 386. Thus, the arguments against vacatur in U.S. Bancorp — and, by extension, the arguments in this case as to why entry of judgment nunc pro tunc is acceptable — do not apply where appellate “review ... was prevented through happenstance.” Id. at 22-23, 115 S.Ct. 386 (quoting United States v. Munsingwear, Inc., 340 U.S. 36, 40, 71 S.Ct. 104, 95 L.Ed. 36 (1950)).
Because of the need for meaningful appellate review of a judgment that is to be given preclusive effect, I believe that nunc pro tunc entry of the judgment is appropriate only if Mrs. Padgett can be substituted for her late husband in the appeal. That, too, appears to be precluded by Zevalkink. I agree with the majority that Mrs. Padgett has a sufficient interest in her husband’s case to support Article III standing, see ante at 1369-70, but that does not confer standing under the Veterans’ Court’s statutory standing provision, 38 U.S.C. § 7266(a). That statute requires that a party must be “adversely affected” by a decision of the Board in order to appeal to the Veterans’ Court.
We observed in Zevalkink that “an accrued benefits claim is separate from the veteran’s underlying claim for service connection and disability compensation.” 102 F.3d at 1243. That separate claim has its own procedural requirements and its own procedures for administrative adjudication. Id. at 1243-44. Those procedures “ensure that [a survivor] will not suffer injury by the Court of Veterans Appeals’ decision to deny substitution.” Id. at 1244. Indeed, we held explicitly that “[a]ny delay inherent in pursuing [the survivor’s] own claim, when this procedure is established by statute, does not constitute the kind of actual or threatened injury that confers standing.” Id.
Moreover, delay is the only injury that Mrs. Padgett would suffer if the Veterans’ Court’s decision vacating its en banc opinion were allowed to stand. With respect, I believe that the majority misstates the procedural posture of this case when it argues that “but for the nunc pro tunc relief, [the board’s decision] would adversely affect [Mrs. Padgett’s] claim in the same way it adversely impacted [Mr.] Pad-gett’s claim at the time he filed his notice of appeal.” Ante at 1370. Precisely to avoid such an eventuality, the Veterans’ Court vacated not just its own en banc opinion, but also the underlying decision of the Board. Padgett v. Nicholson, 19 Vet. *1373 App. 334, 335 (2005) (“[T]he Court must vacate the underlying Board decision to prevent it from acting as a barrier to the success of any claimant seeking accrued benefits.”); id. at 336 (ordering vacatur of the Board’s decision). Thus, in this case as in Zevalkink, “the board’s decision was vacated” and “could have no preclusive effect on the accrued-benefits claim” if we were to affirm. See ante at 1370.
Mrs. Padgett’s case is extremely sympathetic. Her husband’s claim took so long to reach a favorable resolution — over twelve years — that he did not live to see it. Although the government at oral argument gave some reason to expect that it would not take nearly so long for Mrs. Padgett to reach the same resolution, I do not deny that any unnecessary delay seems unjust. However, as long as Zevalkink remains good law, or unless Congress reconsiders its decision to treat accrued-benefits claims by survivors separately from service-connectedness claims that do not survive a veteran’s death, I believe that the conclusion reached by the majority is foreclosed to us.
Accordingly, I respectfully dissent.