DAVIS, Judge,
with whom KASOLD, Judge, joins, dissenting:
I respectfully dissent from the Court’s denial of en banc consideration, because this case presents an issue of exceptional importance. See U.S. Vet.App. R. 35(c). I write separately to emphasize what I believe to be a misapplication of law in Pekular v. Mansfield, 21 Vet.App. 495 (2007).
I compliment the Pekular panel for its analysis of the decision of the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) in Padgett v. Nicholson, 473 F.3d 1364 (Fed.Cir.2007) [hereinafter Pad *10 gett III], to the extent that Pekular gave meaning to the phrase “submitted for decision.” Beyond that, however, the opinion incorrectly blends the Federal Circuit’s criteria for deciding when it is appropriate to grant nunc pro tunc relief with the Federal Circuit’s test for deciding when it is appropriate to grant substitution. Specifically, Pekular characterizes the nunc pro tunc “prerequisites” as follows:
(1) The veteran must have died after his case was submitted for decision; (2) substitution must be appropriate, that is, the person seeking substitution must have standing under both Article III of the U.S. Constitution and must be adversely affected by the underlying Board decision under 38 U.S.C. § 7266(a); and (3) the considerations of justice and fairness outlined by the Supreme Court in Mitchell [v. Overman, 103 U.S. 62, 26 L.Ed. 369 (1880)] must be satisfied.
Pekular, 21 Vet.App. at 502-03 (citations omitted). Drawing from the criteria for nunc pro tunc relief, Pekular adds that substitution is appropriate only after (1) “filing of the appellant’s reply brief, (2) the expiration of the time to file a reply brief, or (3) the filing of a waiver of the right to file a reply brief.” Id. at 504-05. The panel, apparently in an attempt to draw a bright line rule to ensure lockstep results in a matter of judicial discretion, limits the ability of the Judges of this Court to substitute parties to those cases where the briefing schedule has been completed or where the completion has been waived. This holding not only unreasonably restricts the Court’s own broad rule that authorizes parties to be substituted simply “to the extent” permitted by law (see U.S. Vet.App. R. 43), but it is also contrary to the Padgett III decision.
At the outset, Padgett III identified the following two questions of law that it would resolve:
First, where a veteran dies after his case is submitted for decision, but before the opinion issues, does the Veterans Court have authority to issue the judgment nunc pro tunc as of the time of his death? Second, and intertwined with the first, is whether, under these circumstances, the surviving spouse, as accrued-benefits claimant, may be substituted on her husband’s appeal[.]
Padgett III, 473 at 1367. The Court articulated considerations for each question, and answered both in the affirmative.
A. Criteria for Nunc Pro Tunc Relief
In Padgett III, the Federal Circuit first acknowledged that Article I courts have the authority to provide nunc pro tunc relief. Id. at 1368. The criteria for granting such relief is largely discretionary and “ ‘should be granted or refused, as justice may require, in view of the circumstances of the particular case.’ ” Id. (quoting Mitchell, 103 U.S. at 65). The Federal Circuit proceeded to address whether nunc pro tunc relief was appropriate in that case, centering its analysis on whether entering Mr. Padgett’s judgment nunc pro tunc would be inconsistent with the applicable benefits statutes and the statutes governing standing and jurisdiction in this Court. Id. at 1369. The Federal Circuit drew a distinction between Zevalkink v. Brown, 102 F.3d 1236 (Fed.Cir.1996), where the veteran died prior to the submission of his ease, and Padgett, where the veteran died after the case was submitted to the Court for a decision. In Mr. Pad-gett’s case, the Federal Circuit concluded: “In our view, granting nunc pro tunc relief here is consistent with, if not compelled by, the statutory scheme for awarding benefits to veterans and their survivors.” Padgett III, 473 F.3d at 1368. Contrary to Peku- *11 lar, the Federal Circuit went no further in establishing “prerequisites” for nunc pro tunc relief.
B. Two-part Inquiry for Substitution
The Federal Circuit next addressed whether Mrs. Padgett could be substituted for the veteran in the appeal. The Federal Circuit held that “substitution in veterans cases is a two-part inquiry.” Padgett III, 473 F.3d at 1370. First, this Court requires a case or controversy, because we do not decide hypothetical claims. Id. Second, a party seeking substitution must be “adversely affected” by a decision of the Board. The Federal Circuit then concluded that with respect to the case-or-eontro-versy requirement, Mrs. Padgett met the requirement because the issues decided in her husband’s appeal have continued relevance to and a potential preclusive effect on her accrued-benefits claim. Id. Regarding adverse effects, the Federal Circuit concluded that, but for the nunc pro tune relief, the Board’s decision would adversely affect her claim-it is that injury that gave her standing.[1] Id.
The Federal Circuit’s test for substitution is clear and unambiguous: (1) A case or controversy must exist; and (2) the person seeking substitution must be adversely affected by the decision of the Board. Nothing in the Federal Circuit’s analysis tied this Court’s ability to substitute a party to a briefing schedule or waiver thereof. By doing so, the Pekular panel needlessly placed this Court in a substitution straightjacket, limiting the ability of Judges to apply the Padgett III test and determine on a case-by-case basis the appropriateness of substitution. For these reasons I dissent.

. At the conclusion of its substitution discussion, the Federal Circuit added that “[t]he paramount considerations in this inquiry are justice and fairness to the parties.” Id. at 1370 (citing Mitchell, 103 U.S. at 64-66, and Weil v. Markowitz, 898 F.2d 198, 200 (D.C.Cir.1990)). It is unclear whether the Federal Circuit intended this to be an overarching consideration for both nunc pro tunc relief and substitution, however, both of the cases cited apply to nunc pro tunc relief and make no mention of substitution.