Citation Nr: 1702644 
Decision Date: 01/31/17 Archive Date: 02/09/17

DOCKET NO. 12-36 140 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas


THE ISSUES

1. Entitlement to service connection for a lung disorder.

2. Entitlement to an initial compensable rating for hearing loss.


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESSES AT HEARING ON APPEAL

Appellant and spouse


ATTORNEY FOR THE BOARD

M. Carsten, Counsel

INTRODUCTION

The Veteran had active duty service from August 1967 to March 1969.

This matter comes before the Board of Veterans' Appeals (Board) on an appeal from a January 2012 rating decision issued by the Regional Office (RO) in Waco, Texas. In May 2015, the case was remanded for further development.

In December 2014, the Veteran testified at a videoconference hearing before the undersigned. A transcript of the hearing is of record.

The Board takes notice that the Veteran served on active duty with Headquarters and Headquarters Company, 1st Battalion, 38th Infantry, 2nd Infantry Division in the Republic of Korea between February 1968 and March 1969. Given that the Veteran died due to a myocardial infarction, given the provisions of 38 C.F.R. § 3.307(a)(6)(iv) (2016), and given the provisions of M21-1, Part IV, Subpart ii, Chapter 1, Section H, 4(b) concerning units that the Department of Defense has previously identified as serving in the Korean Demilitarized Zone, favorable consideration of an appropriate claimant's entitlement to service connection for the cause of the Veteran's death possibly may be in order. 


FINDING OF FACT

The Veteran died in October 2016.


CONCLUSION OF LAW

Because the Veteran died, the Board has no jurisdiction to adjudicate the merits of his claims. 38 U.S.C.A. § 7104 (a) (West 2014); 38 C.F.R. § 20.1302 (2016); but see 38 U.S.C.A. § 5121A (West 2014).

REASONS AND BASES FOR FINDING AND CONCLUSION

Unfortunately, the Veteran died during the pendency of his appeal. As a matter of law, appellants' claims do not survive their deaths. Zevalkink v. Brown, 102 F.3d 1236, 1243-44 (Fed. Cir. 1996). Therefore, his appeal has been rendered moot by virtue of his death, and it must be dismissed for lack of jurisdiction. See 38 U.S.C.A. § 7104(a); 38 C.F.R. § 20.1302 .

In reaching this determination, the Board intimates no opinion as to the merits of this appeal or to any derivative claim brought by a survivor of the Veteran. 38 C.F.R. § 20.1106 (2016). In this regard, the record reflects that the Veteran's widow filed a request for substitution in November 2016. To date the RO has not adjudicated this request, or if approved, issued a supplemental statement of the case to her providing the reasons and bases for any continued denial of the claims that were pending at the time of the Veteran's death. Hence, the Board offers no opinion on the merits of any claim presented by any proposed substitute. These matters are, however, referred to the RO for prompt and appropriate consideration. 


ORDER

The appeal is dismissed.



____________________________________________
DEREK R. BROWN
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs