Citation Nr: 1749188 
Decision Date: 10/31/17 Archive Date: 11/06/17

DOCKET NO. 11-26 666A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Houston, Texas


THE ISSUE

Entitlement to a total disability rating based on individual unemployability due to service-connected disabilities (TDIU) on an extraschedular basis prior to January 25, 2010. 

REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

J. Sandler, Associate Counsel


INTRODUCTION

The Veteran served on active duty from September 1975 to June 1976. 

This matter is before the Board of Veterans' Appeals (Board) on appeal from a December 2009 rating decision by the Houston, Texas Department of Veterans Affairs (VA) Regional Office (RO). In July 2016, the Veteran testified at a Board hearing before the undersigned Veterans Law Judge; a transcript of that hearing is in the record. In November 2016, this matter was remanded for further development.


FINDING OF FACT

In November 2016, VA was notified by the Social Security Administration that the Veteran died earlier that month.


CONCLUSION OF LAW

Due to the death of the Veteran, the Board has no jurisdiction to adjudicate the merits of this appeal at this time. 38 U.S.C.A. § 7104(a) (West 2014); 38 C.F.R. § 20.1302 (2016). 


REASONS AND BASES FOR FINDING AND CONCLUSION

Unfortunately, the Veteran died during the pendency of the appeal. As a matter of law, Veterans' claims do not survive their deaths. Zevalkink v. Brown, 102 F.3d 1236, 1243-44 (Fed. Cir. 1996); Smith v. Brown, 10 Vet. App. 330, 333-34 (1997); Landicho v. Brown, 7 Vet. App. 42, 47 (1994). This appeal on the merits has become moot by virtue of the death of the Veteran and must be dismissed for lack of jurisdiction. See 38 U.S.C.A. § 7104(a) (West 2014); 38 C.F.R. § 20.1302 (2016).

In reaching this determination, the Board intimates no opinion as to the merits of this appeal or to any derivative claim brought by a survivor of the Veteran. 38 C.F.R. § 20.1106 (2016).

The Board's dismissal of this appeal does not affect the right of an eligible person to file a request to be substituted as the Veteran for purposes of processing the claim to completion. Such request must be filed not later than one year after the date of the Veteran's death. See 38 U.S.C.A. § 5121A (West 2014); 38 C.F.R. § 3.1010(b) (2016). A person eligible for substitution includes "a living person who would be eligible to receive accrued benefits due to the claimant under section 5121(a) of this title ...." 38 U.S.C.A. § 5121A (West 2014); see 38 C.F.R. § 3.1010(a) (2016). An eligible party seeking substitution in an appeal that has been dismissed by the Board due to the death of the claimant should file a request for substitution with the VA office from which the claim originated (listed on the first page of this decision). 38 C.F.R. § 3.1010(b) (2016). 


ORDER

The appeal is dismissed.




 
VICTORIA MOSHIASHWILI
 Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs