Citation Nr: 1829589 
Decision Date: 06/18/18 Archive Date: 07/02/18

DOCKET NO. 11-18 363 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Portland, Oregon
 
 
THE ISSUES
 
1. Entitlement to service connection for diabetes mellitus, to include due to herbicide agent exposure.
 
2. Entitlement to service connection for facial neuropathy, to include secondary to diabetes mellitus.
 
3. Entitlement to service connection for diabetic retinopathy, to include as secondary to diabetes mellitus.
 
4. Entitlement to service connection for bilateral upper extremity peripheral neuropathy, to include secondary to diabetes mellitus.
 
5. Entitlement to service connection for bilateral lower extremity peripheral neuropathy, to include secondary to diabetes mellitus.
 
6. Entitlement to service connection for erectile dysfunction, to include as secondary to diabetes mellitus.
 
7. Entitlement to service connection for hypertension, to include secondary to diabetes mellitus.
 
8. Entitlement to service connection for hepatitis, to include secondary to diabetes mellitus.
 
9. Entitlement to service connection for a disorder manifested by asbestos exposure.
 
 
REPRESENTATION
 
Appellant represented by: Veterans of Foreign Wars of the United States
 
 
WITNESSES AT HEARING ON APPEAL
 
The Veteran and his Spouse
 
 
ATTORNEY FOR THE BOARD
 
Mary E. Rude, Counsel
 
 
INTRODUCTION
 
The appellant had active service from April 1967 to January 1972. 
 
This appeal to the Board of Veterans' Appeals (Board) is from a June 2009 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in San Diego, California. The case was certified to the Board by the Portland, Oregon RO.
 
In June 2014, the appellant testified before the undersigned. In September 2014, the case was remanded by the Board for further development.
 
This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2017). 38 U.S.C. § 7107(a)(2) (2012).
 
FINDING OF FACT
 
The Veteran died in May 2018.


CONCLUSION OF LAW

Because the Veteran died, the Board has no jurisdiction to adjudicate the merits of his claims. 38 U.S.C. § 7104 (a) (2012); 38 C.F.R. § 20.1302 (2017); but see 38 U.S.C. § 5121A (2012).


REASONS AND BASES FOR FINDING AND CONCLUSION

Unfortunately, the Veteran died during the pendency of the appeal. As a matter of law, appellants' claims do not survive their deaths. Zevalkink v. Brown, 102 F.3d 1236, 1243-44 (Fed. Cir. 1996). Therefore, his appeal has been rendered moot by virtue of his death, and it must be dismissed for lack of jurisdiction. See 38 U.S.C. § 7104 (a); 38 C.F.R. § 20.1302. 

In reaching this determination, the Board intimates no opinion as to the merits of this appeal or to any derivative claim brought by a survivor of the Veteran. 38 C.F.R. § 20.1106 (2017). In particular, this dismissal does not affect the right of an eligible person to file a request to be substituted as the appellant for purposes of processing the claim to completion. Such request must be filed not later than one year after the date of the appellant's death. See 38 U.S.C. § 5121A (2012); 38 C.F.R. § 3.1010 (b) (2017). A person eligible for substitution includes "a living person who would be eligible to receive accrued benefits due to the claimant under section 5121(a) of this title ...." 38 U.S.C. § 5121A; 38 C.F.R. § 3.1010 (a) (2017). An eligible party seeking substitution in an appeal that has been dismissed by the Board due to the death of the claimant should file a request for substitution with the Portland, Oregon Regional Office. Id. 



ORDER

The appeal is dismissed.



______________________________________________
DEREK R. BROWN
Veterans Law Judge
Board of Veterans' Appeals

Department of Veterans Affairs