Citation Nr: 1829835 
Decision Date: 08/29/18 Archive Date: 09/05/18

DOCKET NO. 08-19 233 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUES

1. The propriety of reduced payments for the Veteran's service-connected disability based on his status as an incarcerated felon.

2. Entitlement to a total disability rating based on individual unemployability (TDIU).

3. Entitlement to an increased rating for a low back disability, currently evaluated as 20 percent disabling, to include the issue of a rating in excess of 10 percent prior to August 20, 2010. 

4. Entitlement to an increased rating for left lower extremity radiculopathy, currently evaluated as 10 percent disabling, to include the issue of entitlement to an effective date for service connection for this disability prior to June 25, 2010. 

5. Entitlement to an increased rating for right lower extremity radiculopathy, currently evaluated as 10 percent disabling, to include the issue of entitlement to an effective date for service connection for this disability prior to June 25, 2010. 


ATTORNEY FOR THE BOARD

C. Samuelson, Counsel


INTRODUCTION

The Veteran served on active duty in the Army from November 1978 to December 1978. 

This matter comes before the Board of Veterans' Appeals (Board) from September 2006, July 2011, and October 2015 rating decisions issued by the Department of Veterans Affairs (VA), Regional Office (RO), in St. Petersburg, Florida. A number of the above issues were the subject of Board remands in January 2010, April 2011 and April 2014. This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c); 38 U.S.C.A. § 7107(a)(2).

In February 2016, the Board denied the appeal of the propriety of reducing the payment for the Veteran's service-connected disability based on his status as an incarcerated felon; entitlement to TDIU; and a rating in excess of 10 percent for a low back disability prior to August 2010. The Board also granted a 20 percent evaluation for a low back disability effective August 2010, a 10 percent rating for right lower extremity radiculopathy effective June 2010, and a 10 percent rating for left lower extremity radiculopathy effective June 2010. The Veteran appealed the decision to the United States Court of Appeals for Veterans Claims (Court), which set aside the February 2016 Board decision with respect to the matters appealed and dismissed the appeal for lack of jurisdiction.



FINDING OF FACT

On February 23, 2018, the Board was notified that the appellant died on October [redacted], 2017.


CONCLUSION OF LAW

Due to the death of the appellant, the Board has no jurisdiction to adjudicate the merits of this appeal at this time. 38 U.S.C.A. § 7104(a); 38 C.F.R. § 20.1302. 


REASONS AND BASES FOR FINDING AND CONCLUSION

Unfortunately, the appellant died during the pendency of the appeal. As a matter of law, appellants' claims do not survive their deaths. Zevalkink v. Brown, 102 F.3d 1236, 1243-44 (Fed. Cir. 1996); Smith v. Brown, 10 Vet. App. 330, 333-34 (1997); Landicho v. Brown, 7 Vet. App. 42, 47 (1994). This appeal on the merits has become moot by virtue of the death of the appellant and must be dismissed for lack of jurisdiction. See 38 U.S.C.A. § 7104(a); 38 C.F.R. § 20.1302.

In reaching this determination, the Board intimates no opinion as to the merits of this appeal or to any derivative claim brought by a survivor of the Veteran. 38 C.F.R. § 20.1106. 

The Board's dismissal of this appeal does not affect the right of an eligible person to file a request to be substituted as the appellant for purposes of processing the claim to completion. Such request must be filed not later than one year after the date of the appellant's death. See 38 U.S.C.A. § 5121A; 38 C.F.R. § 3.1010(b). A person eligible for substitution includes "a living person who would be eligible to receive accrued benefits due to the claimant under section 5121(a) of this title ...." 38 U.S.C.A. § 5121A; see 38 C.F.R. § 3.1010(a). An eligible party seeking substitution in an appeal that has been dismissed by the Board due to the death of the claimant should file a request for substitution with the VA office from which the claim originated (listed on the first page of this decision). 38 C.F.R. § 3.1010(b). 


ORDER

The appeal is dismissed.




 
STEVEN D. REISS
 Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs