Citation Nr: 1829874 
Decision Date: 09/19/18 Archive Date: 09/24/18

DOCKET NO. 16-14 490 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs (VA) Regional Office (RO) 
in New Orleans, Louisiana


THE ISSUES

1. Entitlement to a total disability rating based on individual unemployability due to service-connected disabilities (TDIU).

2. Entitlement to special monthly compensation based on the need for aid and attendance or by reason of being housebound.


REPRESENTATION

Appellant represented by: Robert V. Chisholm, Attorney


WITNESS AT HEARING ON APPEAL

Appellant



ATTORNEY FOR THE BOARD

C. L. Wasser, Counsel


INTRODUCTION

The Veteran had active service from January 1964 to January 1966, and from February 1966 to March 1981.

This case comes to the Board of Veterans' Appeals (Board) on appeal from a May 2013 decision of the Regional Office (RO).

The Veteran testified before a Decision Review Officer of the RO in August 2015; a transcript of the hearing is of record.


FINDING OF FACT

On August 6, 2018 the Board was notified by the VA RO that the appellant died in July 2018.


CONCLUSION OF LAW

Due to the death of the appellant, the Board has no jurisdiction to adjudicate the merits of this appeal at this time. 38 U.S.C. § 7104(a) (West 2012); 38 C.F.R. § 20.1302 (2018). 


REASONS AND BASES FOR FINDING AND CONCLUSION

Unfortunately, the appellant died during the pendency of the appeal. As a matter of law, appellants' claims do not survive their deaths. Zevalkink v. Brown, 102 F.3d 1236, 1243-44 (Fed. Cir. 1996); Smith v. Brown, 10 Vet. App. 330, 333-34 (1997); Landicho v. Brown, 7 Vet. App. 42, 47 (1994). This appeal on the merits has become moot by virtue of the death of the appellant and must be dismissed for lack of jurisdiction. See 38 U.S.C. § 7104(a) (West 2012); 38 C.F.R. § 20.1302 (2018).

In reaching this determination, the Board intimates no opinion as to the merits of this appeal or to any derivative claim brought by a survivor of the Veteran. 38 C.F.R. § 20.1106 (2018). 

The Board's dismissal of this appeal does not affect the right of an eligible person to file a request to be substituted as the appellant for purposes of processing the claim to completion. Such request must be filed not later than one year after the date of the appellant's death. See 38 U.S.C. § 5121A (2012); 38 C.F.R. § 3.1010(b) (2018). A person eligible for substitution includes "a living person who would be eligible to receive accrued benefits due to the claimant under section 5121(a) of this title ...." 38 U.S.C. § 5121A (2012); see 38 C.F.R. § 3.1010(a) (2018). An eligible party seeking substitution in an appeal that has been dismissed by the Board due to the death of the claimant should file a request for substitution with the VA office from which the claim originated (listed on the first page of this decision). 38 C.F.R. § 3.1010(b) (2018). 


ORDER

The appeal is dismissed.




 
S. L. Kennedy 
 Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs