Citation Nr: AXXXXXXXX
Decision Date: 07/14/21 Archive Date: 07/14/21

DOCKET NO. 190129-6177
DATE: July 14, 2021

ORDER TO VACATE

The Board may vacate an appellate decision at any time upon request of the appellant or his or her representative, or on the Board's own motion, when an appellant has been denied due process of law or when benefits were allowed based on false or fraudulent evidence. 38 U.S.C. § 7104(a); 38 C.F.R. § 20.1000. 

In May 2019, while appealing the denial of multiple claims to the Board, the Veteran died. On June 18, 2019, the appellant submitted a VA Form 21P-0847 seeking to be recognized as a substitute claimant in order to continue the Veteran's appeal. Subsequently on June 24, 2019, the Agency of Original Jurisdiction (AOJ) sent her a letter finding her request inadequate, as she had not signed the substitution request form. 

In its September 2019 decision, the Board determined that "the [AOJ]... ... recognized [the appellant] as an eligible substitute claimant in the appeal." However, this was not accurate as a review of the record reveals that the appellant did not submit a signed substitution request form and that, as a result, the AOJ did not adjudicate the June 18, 2019, request or recognize the appellant as an eligible substitute claimant.

As the September 2019 decision contains an obvious error of fact, the Board, on its own motion, vacates the September 2019 decision. Having vacated the prior Board decision, the claims on appeal will be dismissed due to the death of the Veteran. 

ORDER

The appeals of service connection for chronic obstructive pulmonary disease, a genital rash disorder, a low back disorder, a pituitary tumor disorder, diabetes mellitus, and an eye disorder are dismissed due to the death of the Veteran.

FINDING OF FACT

The Veteran died in May 2019 and the Board was notified in June 2019.

CONCLUSION OF LAW

Due to the death of the Veteran, the Board has no jurisdiction to adjudicate the merits of this appeals at this time. 38 U.S.C. § 19.2, 7104(a) (2012); 38 C.F.R. § 20.1302 (2020).

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran died during the pendency of the appeal. As a matter of law, appellants' claims do not survive their deaths. Zevalkink v. Brown, 102 F.3d 1236, 1243-44 (Fed. Cir. 1996). The appeal on the merits has become moot by virtue of the death of the appellant and is dismissed for lack of jurisdiction. 38 U.S.C. § 7104(a); 38 C.F.R. § 20.1302.

To that end, in reaching this determination, the Board intimates no opinion as to the merits of this appeal or to any derivative claim brought by a survivor of the appellant. 38 C.F.R. § 20.1106. Specifically, the Board's dismissal of this appeal does not affect the right of an eligible person to file a request to be substituted as the appellant for purposes of processing the claim to completion. Such request must be filed not later than one year after the date of the Veteran's death. 38 U.S.C. § 5121A; 38 C.F.R. § 3.1010(b). 

A person eligible for substitution includes a living person who would be eligible to receive accrued benefits due to the claimant under 38 U.S.C. § 5121A; 38 C.F.R. § 3.1010(a). An eligible party seeking substitution in an appeal that has been dismissed by the Board due to the death of the claimant should file a request for substitution with the VA office from which the claim originated. 38 C.F.R. § 3.1010(b).

 

L. HOWELL

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board A. Spigelman, Associate Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.