Citation Nr: AXXXXXXXX
Decision Date: 07/29/21 Archive Date: 07/29/21

DOCKET NO. 190710-114492
DATE: July 29, 2021

ORDER

Entitlement to accrued benefits is denied. 

FINDING OF FACT

The appellant did not file a timely claim of entitlement to accrued benefits based on the Veteran's death. 

CONCLUSION OF LAW

The criteria for entitlement to accrued benefits are not met. 38 U.S.C. § 5121; 38 C.F.R. § 3.1000. 

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from May 1941 to October 1945. He died in 2016. The appellant is his son. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal of a decision by a U.S. Department of Veterans Affairs (VA) Regional Office (RO). 

The appellant claimed entitlement to accrued benefits in November 2018. The RO denied the claim in June 2019. In a July 2019 VA Form 10182, notice of disagreement, the appellant requested Board review of the decision pursuant to the Appeals Modernization Act (AMA). The Veteran selected the Evidence Submission docket without a Board hearing. 

He then submitted two additional VA Forms 10182. On September 29, 2020, he submitted a VA Form 10182 requesting a Board hearing and an opportunity to submit additional evidence within a 90-day period. Then on July 14, 2021 he submitted a VA Form 10182 requesting Direct Review by the Board. Both of these VA Forms 10182 are considered docket switch requests that require a formal ruling before the docket can be switched. Since they were both received more than a year after the decision notification letter on June 21, 2019, and more than 60 days after the initial July 10, 2019 VA Form 10182, the docket switch requests are untimely. As such, they are denied. 38 C.F.R. § 20.202(c)(2). 

Accrued Benefits

The Veteran died in February 2016. The appellant claimed entitlement to accrued benefits in November 2018. 

VA compensation awarded, but not paid due to the death of an awardee generally is payable only to accrued beneficiaries pursuant to 38 U.S.C. § 5121. Zevalkink v. Brown, 102 F.3d 1236, 1242 (Fed. Cir. 1996). Such benefits may be paid to the awardee's spouse, then to children, and then to dependent parents. 38 U.S.C. § 5121 (a); 38 C.F.R. § 3.1000. In all other cases where there are awarded and unpaid monetary benefits, "only so much of the accrued benefits may be paid as may be necessary to reimburse the person who bore the expense of the last sickness and burial." 38 U.S.C. § 5121 (a)(6); 38 C.F.R. § 3.1000 (a)(5).

At the time of the Veteran's death, the appellant was not a child as defined under 38 U.S.C. § 101 (4) (defining the term "child" for VA purposes). In this instance, the appellant does not contend (and nothing in the record supports a contention) that he qualifies as an accrued beneficiary under section 5121(a), other than to the extent he incurred expenses providing care for his father prior to his death, and following with expenses related to burial.

In any event, his claim must be denied because it is untimely. An application for accrued benefits must be filed within 1 year after the date of death. Inasmuch as the Veteran died in February 2016, the November 2018 claim of entitlement to accrued benefits is untimely and must be denied. 38 U.S.C. § 5121 (c); 38 C.F.R. § 3.1000 (c). See Shields v. Brown, 8 Vet. App. 346, 348-49 (1995). 

 

 

G. A. WASIK

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board Christopher McEntee, Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.