Citation Nr: 1237361 
Decision Date: 10/31/12 Archive Date: 11/09/12

DOCKET NO. 07-22 282 ) DATE
 )

On appeal from the
Department of Veterans Affairs Regional Office in Muskogee, Oklahoma


THE ISSUES

1. Whether new and material evidence has been submitted to reopen a claim of entitlement to service connection for a left knee disability. 

2. Entitlement to service connection for a right knee disability.


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

N. L. Rippel


INTRODUCTION


This matter is before the Board of Veterans' Appeals (Board) on appeal from April 2004 and July 2006 rating decisions by the Department of Veterans Affairs (VA) Regional Office (RO) in Muskogee, Oklahoma. The claims were remanded by the Board in October 2010 and March 2011. The claims have been returned to the Board for appellate review.


FINDINGS OF FACT

1. The appellant in this case is a Veteran who served on active duty from October 1960 to February 1966. 

2. On September 20, 2012, the Board was notified by the RO that the appellant died in September 2012.


CONCLUSION OF LAW

Due to the death of the appellant, the Board has no jurisdiction to adjudicate the merits of this claim at this time. 38 U.S.C.A. § 7104(a) (West 2002); 38 C.F.R. § 20.1302 (2012); but see Veterans' Benefits Improvement Act of 2008, Pub. L. No. 110-389, § 212, 122 Stat. 4145, 4151 (2008). 


REASONS AND BASES FOR FINDINGS AND CONCLUSION

Unfortunately, the appellant died during the pendency of the appeal. As a matter of law, appellants' claims do not survive their deaths. Zevalkink v. Brown, 102 F.3d 1236, 1243-44 (Fed. Cir. 1996); Smith v. Brown, 10 Vet. App. 330, 333-34 (1997); Landicho v. Brown, 7 Vet. App. 42, 47 (1994). This appeal on the merits has become moot by virtue of the death of the appellant and must be dismissed for lack of jurisdiction. See 38 U.S.C.A. § 7104(a) (West 2002); 38 C.F.R. § 20.1302 (2012).

In reaching this determination, the Board intimates no opinion as to the merits of this appeal or to any derivative claim brought by a survivor of the veteran. 38 C.F.R. § 20.1106 (2012). 

The Board's dismissal of this appeal does not affect the right of an eligible person to file a request to be substituted as the appellant for purposes of processing the claim to completion. Such request must be filed not later than one year after the date of the appellant's death. See Veterans' Benefits Improvement Act of 2008, Pub. L. No. 110-389, § 212, 122 Stat. 4145, 4151 (2008) (creating new 38 U.S.C. § 5121A, substitution in case of death of a claimant who dies on or after October 10, 2008). As provided for in this new provision, a person eligible for substitution will include "a living person who would be eligible to receive accrued benefits due to the claimant under section 5121(a) of this title ...." The Secretary will be issuing regulations governing the rules and procedures for substitution upon death. Until such regulations are issued, an eligible party seeking substitution in an appeal that has been dismissed by the Board due to the death of the claimant should file a request for substitution with the VA regional office (RO) from which the claim originated (listed on the first page of this decision). 


ORDER

The appeal is dismissed.




 
DAVID L. WIGHT
 Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs