Citation Nr: 1339312 
Decision Date: 11/29/13 Archive Date: 12/13/13

DOCKET NO. 13-17 008 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Muskogee, Oklahoma


THE ISSUE

Entitlement to service connection for mantle cell lymphoma. 


REPRESENTATION

Appellant represented by: The American Legion


ATTORNEY FOR THE BOARD

J. Davitian, Counsel


INTRODUCTION

The Veteran had active service from October 1969 to November 1973, and from September 1974 to September 1990. 

This matter comes before the Board of Veterans' Appeals (BVA or Board) on appeal from a May 2012 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Muskogee, Oklahoma. 


FINDING OF FACT

The Board has confirmed through the Social Security Administration that the Veteran died in September 2013.


CONCLUSION OF LAW

Due to the death of the Veteran, the Board has no jurisdiction to adjudicate the merits of this claim at this time. 38 U.S.C.A. § 7104(a) (West 2002); 38 C.F.R. § 20.1302 (2013); but see Veterans' Benefits Improvement Act of 2008, Pub. L. No. 110-389, § 212, 122 Stat. 4145, 4151 (2008). 


REASONS AND BASES FOR FINDING AND CONCLUSION

Unfortunately, the Veteran (appellant) died during the pendency of the appeal. As a matter of law, appellants' claims do not survive their deaths. Zevalkink v. Brown, 102 F.3d 1236, 1243-44 (Fed. Cir. 1996); Smith v. Brown, 10 Vet. App. 330, 333-34 (1997); Landicho v. Brown, 7 Vet. App. 42, 47 (1994). This appeal on the merits has become moot by virtue of the death of the Veteran and must be dismissed for lack of jurisdiction. See 38 U.S.C.A. § 7104(a); 38 C.F.R. § 20.1302. 

In reaching this determination, the Board intimates no opinion as to the merits of this appeal or to any derivative claim brought by a survivor of the Veteran. 38 C.F.R. § 20.1106. 

The Board's dismissal of this appeal does not affect the right of an eligible person to file a request to be substituted as the appellant for purposes of processing the claim to completion. Such request must be filed not later than one year after the date of the Veteran's death. See Veterans' Benefits Improvement Act of 2008, Pub. L. No. 110-389, § 212, 122 Stat. 4145, 4151 (2008) (creating new 38 U.S.C. § 5121A, substitution in case of death of a claimant who dies on or after October 10, 2008). As provided for in this new provision, a person eligible for substitution will include "a living person who would be eligible to receive accrued benefits due to the claimant under section 5121(a) of this title ....". The Secretary will be issuing regulations governing the rules and procedures for substitution upon death. Until such regulations are issued, an eligible party seeking substitution in an appeal that has been dismissed by the Board due to the death of the Veteran should file a request for substitution with the VA regional office from which the claim originated (listed on the first page of this decision). 


ORDER

The appeal is dismissed.



____________________________________________
M. E. LARKIN
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs