Citation Nr: 1452655 
Decision Date: 11/28/14 Archive Date: 12/02/14

DOCKET NO. 10-21 121 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Medical and Regional Office Center in Wichita, Kansas


THE ISSUES

1. Entitlement to service connection for vertigo. 

2. Entitlement to service connection for Meniere's disease.


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESSES AT HEARING ON APPEAL

Veteran and his spouse




ATTORNEY FOR THE BOARD

A. Lech, Associate Counsel


INTRODUCTION

The Veteran had active service from September 1950 to April 1952. 

This matter is before the Board of Veterans' Appeals (Board) on appeal from a May 2009 rating decision by the Regional Office (RO) of the Department of Veterans Affairs (VA) in Wichita, Kansas.

In July 2011, March 2013, and May 2014, the Board remanded the claims on appeal for further development. 

In April 2011, the Veteran and his spouse testified in a hearing before the undersigned, and a transcript of that hearing is of record.


FINDING OF FACT

During the pendency of the appeal but after the appeal was certified and transferred to the custody of the Board, VA received confirmation that the Veteran died in November 2014.


CONCLUSION OF LAW

Due to the death of the Veteran, the Board has no jurisdiction to adjudicate the merits of this claim at this time. 38 U.S.C.A. § 7104(a) (West 2002 & Supp. 2014); 38 C.F.R. § 20.1302 (2014); but see Veterans' Benefits Improvement Act of 2008, Pub. L. No. 110-389, § 212, 122 Stat. 4145, 4151 (2008).

REASONS AND BASES FOR FINDING AND CONCLUSION

Unfortunately, the Veteran died in November 2014, during the pendency of the appeal, as confirmed through the appropriate inquiries with the Social Security Administration. As a matter of law, appellants' claims do not survive their deaths. Zevalkink v. Brown, 102 F.3d 1236, 1243-44 (Fed. Cir. 1996); Smith v. Brown, 10 Vet. App. 330, 333-34 (1997); Landicho v. Brown, 7 Vet. App. 42, 47 (1994). This appeal on the merits has become moot by virtue of the Veteran's death and must be dismissed for lack of jurisdiction. See 38 U.S.C.A. § 7104(a) (West 2002 & Supp. 2014); 38 C.F.R. § 20.1302 (2014).

In reaching this determination, the Board intimates no opinion as to the merits of this appeal or to any derivative claim brought by a survivor of the Veteran. 38 C.F.R. § 20.1106 (2014). 

The Board's dismissal of this appeal does not affect the right of an eligible person to file a request to be substituted as the appellant for purposes of processing the claim to completion. Such request must be filed no later than one year after the date of the appellant's death. See Veterans' Benefits Improvement Act of 2008, Pub. L. No. 110-389, § 212, 122 Stat. 4145, 4151 (2008) (creating new 38 U.S.C. § 5121A, substitution in case of death of a claimant who dies on or after October 10, 2008). As provided for in this new provision, a person eligible for substitution will include "a living person who would be eligible to receive accrued benefits due to the claimant under section 5121(a) of this title ...." The Secretary will be issuing regulations governing the rules and procedures for substitution upon death. Until such regulations are issued, an eligible party seeking substitution in an appeal that has been dismissed by the Board due to the death of the claimant should file a request for substitution with the VA RO from which the claim originated (listed on the first page of this decision).





ORDER

The appeal is dismissed.


____________________________________________
T. STEPHEN ECKERMAN
Acting Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs