Citation Nr: 1518720 
Decision Date: 04/30/15 Archive Date: 05/05/15

DOCKET NO. 10-47 072 ) DATE
 )

On appeal from the
Department of Veterans Affairs Regional Office in Anchorage, Alaska


THE ISSUE

Entitlement to Dependency Indemnity Compensation (DIC) based on the appellant's status as surviving spouse of the Veteran.


WITNESS AT HEARING ON APPEAL

The appellant


ATTORNEY FOR THE BOARD

M. Purdum, Counsel



INTRODUCTION

The Veteran served on active duty from June 1969 to February 1973. He died in January 2004. The appellant is the Veteran's former spouse.

This matter comes to the Board of Veterans' Appeals (Board) on appeal from a February 2010 decision of a Department of Veterans Affairs (VA) Regional Office (RO). The appellant testified at a Board video conference hearing at the RO in Anchorage, Alaska, in December 2011.

The Board, in an April 2014 decision, denied entitlement to DIC based on the appellant's status as surviving spouse. The appellant appealed the Board's decision to the United States Court of Appeals for Veterans Claims (Court). The Court, in an January 2015 Order, upon notice that the appellant had died in August 2014, vacated the Board's April 2014 decision and dismissed the appellant's claim before the Court. 

Review of the VA paperless claims processing systems reveals additional documents pertinent to the present appeal, specifically, the January 2015 Court Order.


FINDING OF FACT

In January 2015, the Board was notified by the Court that the appellant died in August 2014.





CONCLUSION OF LAW

Due to the death of the appellant, the Board has no jurisdiction to adjudicate the merits of this appeal at this time. 38 U.S.C.A. § 7104(a) (West 2014); 38 C.F.R. § 20.1302 (2014); but see 38 U.S.C.A. § 5121A (West 2014); 79 Fed. Reg. 52,977 (Sept. 5, 2014) (to be codified at 38 C.F.R. pts. 3, 14, and 20). 


REASONS AND BASES FOR FINDING AND CONCLUSION

Unfortunately, the appellant died during the pendency of the appeal. As a matter of law, appellants' claims do not survive their deaths. Zevalkink v. Brown, 102 F.3d 1236, 1243-44 (Fed. Cir. 1996); Smith v. Brown, 10 Vet. App. 330, 333-34 (1997); Landicho v. Brown, 7 Vet. App. 42, 47 (1994). This appeal on the merits has become moot by virtue of the death of the appellant and must be dismissed for lack of jurisdiction. See 38 U.S.C.A. § 7104(a) (West 2014); 79 Fed. Reg. 52,977, 52,984 (Sept. 5, 2014) (to be codified at 38 C.F.R. § 20.1302).

In reaching this determination, the Board intimates no opinion as to the merits of this appeal or to any derivative claim brought by a survivor of the Veteran. 79 Fed. Reg. 52,977, 52,984 (Sept. 5, 2014) (to be codified at 38 C.F.R. § 20.1106). 


ORDER

The appeal is dismissed.


 
S. L. Kennedy
 Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs