Citation Nr: 1532779 
Decision Date: 07/31/15 Archive Date: 08/05/15

DOCKET NO. 10-11 571 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUES

1. Entitlement to an initial rating in excess of 10 percent for anxiety disorder.
 
2. Entitlement to a total disability rating based on individual unemployability due to service-connected disability (TDIU). 


REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of the United States


ATTORNEY FOR THE BOARD

L. Crohe, Counsel




INTRODUCTION

The Veteran served on active duty from April 1955 to August 1957. 

This matter comes before the Board of Veterans' Appeals (Board) from a May 2009 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in St. Petersburg, Florida. The RO granted service connection for an anxiety disorder and assigned an initial noncompensable rating. An initial 10 percent rating was later assigned by the RO in a February 2010 rating action, but the Veteran indicated that award did not satisfy his appeal.

In February 2012 and February 2013, the Board remanded the claims for further development. In the February 2013 Board remand, the issue of TDIU was added and also remanded for further development in light of Rice v. Shinseki, 22 Vet. App. 447 (2009).

In a June 2014 decision, the Board awarded an initial 50 percent disability rating, but no higher, for anxiety disorder throughout the appeal period and denied entitlement to a TDIU. 

The Veteran appealed the decision to the United States Court of Appeals for Veterans Claims (Court). The Court, in an April 2015 Memorandum Decision, upon notice that the appellant had died in November 2014, vacated the Board's June 2014 decision and dismissed the appellant's claim before the Court. 

This appeal was processed using the Veteran Benefits Management System (VBMS) paperless claims processing system. The Board notes that, in addition to the VBMS file, the Veteran also has an electronic Virtual VA paperless claims file. Review of the VA paperless claims processing systems reveals additional documents pertinent to the present appeal, specifically, the April 2015 Court Memorandum Decision.



FINDING OF FACT

In April 2015, the Board was notified by the Court that the appellant died in November 2014.


CONCLUSION OF LAW

Due to the death of the appellant, the Board has no jurisdiction to adjudicate the merits of this appeal at this time. 38 U.S.C.A. § 7104(a) (West 2014); 38 C.F.R. § 20.1302 (2014); but see 38 U.S.C.A. § 5121A (West 2014); 79 Fed. Reg. 52,977 (Sept. 5, 2014) (to be codified at 38 C.F.R. pts. 3, 14, and 20).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

Unfortunately, the Veteran died during the pendency of this appeal. (His death was in April 2015, according to information provided to the Court, notice of which has also been associated with his VBMS file.) As a matter of law, claims do not survive a claimant's death. Zevalkink v. Brown, 102 F.3d 1236, 1243-44 (Fed. Cir. 1996); Smith v. Brown, 10 Vet. App. 330, 333-34 (1997); Landicho v. Brown, 7 Vet. App. 42, 47 (1994). The appeal on the merits has become moot by virtue of the death of the Veteran and must be dismissed for lack of jurisdiction. 38 U.S.C.A. § 7104(a) (West 2014); 38 C.F.R. § 20.1302 (2014). 

In reaching this determination, the Board intimates no opinion as to the merits of this appeal or any derivative claim brought by a survivor of the appellant. 38 C.F.R. § 20.1106 (2014). 






ORDER

The appeal is dismissed



____________________________________________
MARJORIE A. AUER
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs