Citation Nr: 1533659 
Decision Date: 08/06/15 Archive Date: 08/20/15

DOCKET NO. 13-06 969 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in New Orleans, Louisiana


THE ISSUES

1. Entitlement to service connection for a low back disorder. 

2. Entitlement to service connection for a left leg disorder. 

3. Entitlement to service connection for a right leg disorder.


REPRESENTATION

Veteran represented by: The American Legion


WITNESSES AT HEARING ON APPEAL

The Veteran and his son



ATTORNEY FOR THE BOARD

April Maddox, Counsel


INTRODUCTION

The Veteran (also referred to herein as 'the appellant') served on active duty in the U.S. Army from October 1946 to January 1948 and in the U.S. Marine Corps from February 1951 to February 1952. The Veteran also performed inactive duty as an officer candidate in the U.S Naval Reserve. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a June 2012 rating decision issued by the Department of Veterans Affairs (VA) Regional Office in New Orleans, Louisiana. 

The Veteran and his son testified at a video-conference hearing before the undersigned Veterans Law Judge in December 2013. A transcript of the hearing is associated with the record on appeal. 

The claims were remanded by the Board in February 2014 and December 2014 for further development. 

This appeal was processed using the Veteran Benefits Management System (VBMS) and Virtual VA paperless claims files.


FINDING OF FACT

Per VA notification received in July 2015, the Board was informed that the Veteran died on June 9, 2015, as verified by the Social Security Administration.



CONCLUSION OF LAW

Due to the death of the appellant, the Board has no jurisdiction to adjudicate the merits of this appeal at this time. 38 U.S.C.A. § 7104(a) (West 2014); 38 C.F.R. § 20.1302 (2014); but see 38 U.S.C.A. § 5121A (West 2014); 79 Fed. Reg. 52,977 (Sept. 5, 2014) (to be codified at 38 C.F.R. pts. 3, 14, and 20).


REASONS AND BASES FOR FINDING AND CONCLUSION

Unfortunately, the appellant died during the pendency of the appeal. As a matter of law, appellants' claims do not survive their deaths. Zevalkink v. Brown, 102 F.3d 1236, 1243-44 (Fed. Cir. 1996); Smith v. Brown, 10 Vet. App. 330, 333-34 (1997); Landicho v. Brown, 7 Vet. App. 42, 47 (1994). This appeal on the merits has become moot by virtue of the death of the appellant and must be dismissed for lack of jurisdiction. See 38 U.S.C.A. § 7104(a) (West 2014); 79 Fed. Reg. 52,977, 52,984 (Sept. 5, 2014) (to be codified at 38 C.F.R. § 20.1302).

In reaching this determination, the Board intimates no opinion as to the merits of this appeal or to any derivative claim brought by a survivor of the Veteran. 79 Fed. Reg. 52,977, 52,984 (Sept. 5, 2014) (to be codified at 38 C.F.R. § 20.1106). 

In this regard, the Board's dismissal of this appeal does not affect the right of an eligible person to file a request to be substituted as the appellant for purposes of processing the claim to completion. Such request must be filed not later than one year after the date of the appellant's death. See 38 U.S.C.A. § 5121A (West 2014); 79 Fed. Reg. 52,977, 52,982 (Sept. 5, 2014) (to be codified at 38 C.F.R. 
§ 3.1010(b)). A person eligible for substitution includes "a living person who would be eligible to receive accrued benefits due to the claimant under section 5121(a) of this title ...." 38 U.S.C.A. § 5121A (West 2014); see 79 Fed. Reg. 52,977, 52,982 (Sept. 5, 2014) (to be codified at 38 C.F.R. § 3.1010(a)). An eligible party seeking substitution in an appeal that has been dismissed by the Board due to the death of the claimant should file a request for substitution with the VA office from which the claim originated (listed on the first page of this decision). 79 Fed. Reg. 52,977, 52,982 (Sept. 5, 2014) (to be codified at 38 C.F.R. § 3.1010(b)).


ORDER

The appeal is dismissed.



____________________________________________
A. JAEGER
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs