Citation Nr: 1554498 
Decision Date: 12/31/15 Archive Date: 01/07/16

DOCKET NO. 08-36 766A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas


THE ISSUES

1. Entitlement to service connection for hypertension. 

2. Entitlement to service connection for a kidney condition.
 
3. Entitlement to service connection for peripheral neuropathy of the bilateral upper extremities.


REPRESENTATION

Appellant represented by: Vietnam Veterans of America


ATTORNEY FOR THE BOARD

J. Davitian, Counsel


INTRODUCTION

The Veteran served on active duty from June 1965 to July 1974. 

This matter comes before the Board of Veterans' Appeals (Board) from an April 2008 rating decision of a Department of Veterans Affairs (VA) Regional Office (RO) that denied the claims on appeal.


FINDING OF FACT

VA has received notice that the Veteran passed away in June 2015.


CONCLUSION OF LAW

Due to the death of the Veteran, the Board has no jurisdiction to adjudicate the merits of this claim at this time. 38 U.S.C.A. § 7104(a) (West 2014); 38 C.F.R. § 20.1302 (2015); but see Veterans' Benefits Improvement Act of 2008, Pub. L. No. 110-389, § 212, 122 Stat. 4145, 4151 (2008).


REASONS AND BASES FOR FINDING AND CONCLUSION

Unfortunately, the Veteran died during the pendency of the appeal. As a matter of law, appellants' claims do not survive their deaths. Zevalkink v. Brown, 102 F.3d 1236, 1243-44 (Fed. Cir. 1996); Smith v. Brown, 10 Vet. App. 330, 333-34 (1997); Landicho v. Brown, 7 Vet. App. 42, 47 (1994). This appeal on the merits has become moot by virtue of the death of the appellant and must be dismissed for lack of jurisdiction. See 38 U.S.C.A. § 7104(a); 38 C.F.R. § 20.1302. 

In reaching this determination, the Board intimates no opinion as to the merits of this appeal or to any derivative claim brought by a survivor of the Veteran. 38 C.F.R. § 20.1106 (2015). 

The Board's dismissal of this appeal does not affect the right of an eligible person to file a request to be substituted as the appellant for purposes of processing the claim to completion. Such request must be filed not later than one year after the date of the appellant's death. See Veterans' Benefits Improvement Act of 2008, Pub. L. No. 110-389, § 212, 122 Stat. 4145, 4151 (2008) (creating new 38 U.S.C. § 5121A , substitution in case of death of a claimant who dies on or after October 10, 2008). As provided for in this new provision, a person eligible for substitution will include "a living person who would be eligible to receive accrued benefits due to the claimant under section 5121(a) of this title ...." The Secretary will be issuing regulations governing the rules and procedures for substitution upon death. Until such regulations are issued, an eligible party seeking substitution in an appeal that has been dismissed by the Board due to the death of the claimant should file a request for substitution with the RO from which the claim originated (listed on the first page of this decision).


ORDER

The appeal is dismissed.



____________________________________________
MICHAEL MARTIN
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs