Citation Nr: 1607918 
Decision Date: 02/29/16 Archive Date: 03/04/16

DOCKET NO. 04-28 373 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Columbia, South Carolina


THE ISSUES

1. Entitlement to service connection for migraine headaches.
 
2. Entitlement to service connection for Meniere's disease.


REPRESENTATION

Appellant represented by: Colin E. Kemmerly


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

M. Purdum, Counsel

INTRODUCTION

The Veteran had active service from October 1981 to October 1983. 
 
These matters come before the Board of Veterans' Appeals (Board) on appeal from a May 2006 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Montgomery, Alabama. 

In April 2011, the Veteran presented testimony before the undersigned Acting Veterans Law Judge at a hearing held at the Montgomery RO. The transcript of the hearing is associated with the claims file.

Most recently, in February 2012, the Board remanded this case for additional development. The file has now been returned to the Board for further consideration.


FINDING OF FACT

On February 5, 2016, VA was notified that the Veteran died in December 2015.


CONCLUSION OF LAW

Due to the death of the Veteran, the Board has no jurisdiction to adjudicate the merits of this appeal at this time. 38 U.S.C.A. § 7104(a) (West 2015); 38 C.F.R. § 20.1302 (2015). 


REASONS AND BASES FOR FINDING AND CONCLUSION

Unfortunately, the appellant died during the pendency of the appeal. As a matter of law, appellants' claims do not survive their deaths. Zevalkink v. Brown, 102 F.3d 1236, 1243-44 (Fed. Cir. 1996); Smith v. Brown, 10 Vet. App. 330, 333-34 (1997); Landicho v. Brown, 7 Vet. App. 42, 47 (1994). This appeal on the merits has become moot by virtue of the death of the appellant and must be dismissed for lack of jurisdiction. See 38 U.S.C.A. § 7104(a) (West 2014); 38 C.F.R. § 20.1302 (2015).

In reaching this determination, the Board intimates no opinion as to the merits of this appeal or to any derivative claim brought by a survivor of the Veteran. 38 C.F.R. § 20.1106 (2015). 

The Board's dismissal of this appeal does not affect the right of an eligible person to file a request to be substituted as the appellant for purposes of processing the claim to completion. Such request must be filed not later than one year after the date of the appellant's death. See 38 U.S.C.A. § 5121A (West 2014); 38 C.F.R. § 3.1010(b) (2015). A person eligible for substitution includes "a living person who would be eligible to receive accrued benefits due to the claimant under section 5121(a) of this title ...." 38 U.S.C.A. § 5121A (West 2014); see 38 C.F.R. § 3.1010(a) (2015). An eligible party seeking substitution in an appeal that has been dismissed by the Board due to the death of the claimant should file a request for substitution with the VA office from which the claim originated (listed on the first page of this decision). 38 C.F.R. § 3.1010(b) (2015). 


ORDER

The appeal is dismissed.




 
KRISTI L. GUNN
 Acting Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs