http://www.va.gov/vetapp16/Files2/1617313.txt

Citation Nr: 1617313 
Decision Date: 04/29/16 Archive Date: 05/04/16

DOCKET NO. 00-16 235A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs (VA) Regional Office (RO) 
in Detroit, Michigan

THE ISSUES

1. Entitlement to an initial rating in excess of 10 percent for bilateral pes planus for the period from August 26, 1993 to June 2, 1999.

2. Entitlement to an effective date prior to June 3, 1999, for the award of a total disability rating based on individual unemployability (TDIU).

REPRESENTATION

Appellant represented by: Barbara J. Cook, Attorney 

WITNESS AT HEARING ON APPEAL

Appellant

ATTORNEY FOR THE BOARD

K. Neilson, Counsel

INTRODUCTION

This appeal to the Board of Veterans' Appeals (Board) arose from May 1999 and July 2010 rating decisions.

In July 1994, the Veteran presented oral testimony in support of his claim before a hearing officer at the RO. A transcript of this hearing has been obtained and associated with the Veteran's claims file for the Board's review.

In the May 1999 rating decision, the RO granted service connection for bilateral pes planus and assigned an initial disability rating of 10 percent, effective from August 26, 1993. The Veteran disagreed with the assigned rating and perfected an appeal of that issue. The claim for a higher initial rating was several times remanded by the Board for further development and in July 2010 , the RO awarded a TDIU on an extraschedular basis, effective June 3, 1999. The rating issue on appeal was then recharacterized as entitlement to an initial rating in excess of 10 percent for bilateral pes planus for the period from August 26, 1993, to June 2, 1999. In May 2011, the Board denied an initial rating in excess of 10 percent for bilateral pes planus for the period from August 26, 1993, to June 2, 1999, and the Veteran appealed to the United States Court of Appeals for Veterans Claims (Court). 

In February 2011, the Veteran filed a notice of disagreement (NOD) as to the effective date assigned for his award of a TDIU. 

In November 2011, the Court granted a joint motion to vacate the May 2011 Board decision denying an initial rating in excess of 10 percent for bilateral pes planus for the period from August 26, 1993, to June 2, 1999, and the claim was returned to the Board. In July 2012, the Board remanded the claim for further development and in May 2014, the RO issued a supplemental statement of the case (SSOC) wherein it denied a rating in excess of 10 percent for the period from August 26, 1993, to June 2, 1999. The claim was thereafter returned to the Board for further appellate consideration.

In October 2015, the RO issued a statements of the case (SOC) addressing the propriety of the effective date assigned for the Veteran's award of a TDIU. That same month, the Veteran filed a timely substantive appeal (via a VA Form 9, Appeal to the Board of Veterans' Appeals) for that issue.

This appeal is now being processed utilizing the Veterans Benefits Management System (VBMS), a paperless, electronic claims processing system. The Board notes that, in addition to the VBMS file, the Veteran has a separate paperless, electronic Virtual VA file, which includes documents that are either duplicative of those contained in the VBMS file or irrelevant to the issues on appeal.

FINDINGS OF FACT

1. The Veteran in this case served on active duty from March 1959 to April 1962 and from February 1963 to February 1966.

2. On February [REDACTED], 2016, prior to the promulgation of a decision by the Board in this case, the Veteran died.

CONCLUSION OF LAW

Due to the death of the Veteran, the Board has no jurisdiction to adjudicate the merits of this appeal at this time. 38 U.S.C.A. § 7104(a) (West 2014); 38 C.F.R. § 20.1302 (2015).

REASONS AND BASES FOR FINDINGS AND CONCLUSION

Unfortunately, the Veteran died during the pendency of the appeal. As a matter of law, appellants' claims do not survive their deaths. Zevalkink v. Brown, 102 F.3d 1236, 1243-44 (Fed. Cir. 1996); Smith v. Brown, 10 Vet. App. 330, 333-34 (1997); Landicho v. Brown, 7 Vet. App. 42, 47 (1994). This appeal on the merits has become moot by virtue of the death of the Veteran and must be dismissed for lack of jurisdiction. See 38 U.S.C.A. § 7104(a) (West 2014); 38 C.F.R. § 20.1302 (2015).

In reaching this determination, the Board intimates no opinion as to the merits of this appeal or to any derivative claim brought by a survivor of the Veteran. 38 C.F.R. § 20.1106 (2015). 

The Board's dismissal of this appeal does not affect the right of an eligible person to file a request to be substituted as the appellant for purposes of processing the claim to completion. Such request must be filed not later than one year after the date of the appellant's death. See 38 U.S.C.A. § 5121A (West 2014); 38 C.F.R. § 3.1010(b) (2015). A person eligible for substitution includes "a living person who would be eligible to receive accrued benefits due to the claimant under section 5121(a) of this title . . . ." 38 U.S.C.A. § 5121A (West 2014); see 38 C.F.R. § 3.1010(a) (2015). An eligible party seeking substitution in an appeal that has been dismissed by the Board due to the death of the claimant should file a request for substitution with the VA office from which the claim originated (listed on the first page of this decision). 38 C.F.R. § 3.1010(b) (2015). 

ORDER

The appeal is dismissed.

____________________________________________
JACQUELINE E. MONROE
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs