http://www.va.gov/vetapp16/Files3/1621767.txt

Citation Nr: 1621767 
Decision Date: 05/31/16 Archive Date: 06/08/16

DOCKET NO. 04-38 509 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Hartford, Connecticut

THE ISSUES

1. Entitlement to service connection for respiratory disorder. 

2. Entitlement to service connection for peripheral neuropathy of the bilateral lower extremities, to include as secondary to service-connected arteriosclerotic heart disease with hypertension.

REPRESENTATION

Appellant represented by: Disabled American Veterans

WITNESS AT HEARING ON APPEAL

The Veteran

ATTORNEY FOR THE BOARD

J. Seay, Counsel

INTRODUCTION

The Veteran served on active duty from December 1948 to July 1970. 

These matters come before the Board of Veterans' Appeals (Board) on appeal of rating decisions issued in May 2004 (asbestosis) and January 2006 (peripheral neuropathy) by the Department of Veterans Affairs (VA) Regional Office (RO) in Hartford, Connecticut. 

The Veteran testified at a Board hearing before a Veterans Law Judge in June 2006 concerning the claim for service connection for asbestosis, now characterized as entitlement to service connection for respiratory disorder. VA regulations require that the Veterans Law Judge who conducts a hearing on appeal must participate in any decision made on that appeal. 38 C.F.R. § 20.707 (2015) ("The Member or Members who conduct the hearing shall participate in making the final determination of the claim [...]). In this case, the Veterans Law Judge presiding over the June 2006 hearing need not participate as this case is being dismissed for lack of jurisdiction. 

FINDING OF FACT

 The Veteran died in December 2015 during the pendency of the appeal.

CONCLUSION OF LAW

Due to the death of the Veteran, the Board has no jurisdiction to adjudicate the merits of the appeal for service connection for respiratory disorder and service connection for peripheral neuropathy at this time. 38 U.S.C.A. § 7104(a) (West 2014); 38 C.F.R. §§ 20.1106, 20.1302 (2015); but see Veterans' Benefits Improvement Act of 2008, Pub. L. No. 110-389, § 212, 122 Stat. 4145, 4151 (2008).

REASONS AND BASES FOR FINDING AND CONCLUSION

Unfortunately, the Veteran died during the pendency of the appeal. The Veteran's death certificate shows that he died in December 2015. As a matter of law, veterans' claims do not survive their deaths. Zevalkink v. Brown, 102 F.3d 1236, 1243-44 (Fed. Cir. 1996); Smith v. Brown, 10 Vet. App. 330, 333-34 (1997); Landicho v. Brown, 7 Vet. App. 42, 47 (1994). This appeal on the merits has become moot by virtue of the death of the Veteran and must be dismissed for lack of jurisdiction. See 38 U.S.C.A. § 7104(a); 38 C.F.R. § 20.1302. In this respect, the Board intimates no opinion as to the merits of this appeal or to any derivative claim brought by a survivor of the Veteran. 38 C.F.R. § 20.1106.

The Board's dismissal of this appeal does not affect the right of an eligible person to file a request to be substituted as the Veteran for purposes of processing the claim to completion. See Veterans' Benefits Improvement Act of 2008, Pub. L. No. 110-389, § 212, 122 Stat. 4145, 4151(2008) (creating new 38 U.S.C. § 5121A, substitution in case of death of a claimant who dies on or after October 10, 2008).

ORDER

The appeal for entitlement to service connection for respiratory disorder is dismissed.

The appeal for entitlement to service connection for peripheral neuropathy of the bilateral lower extremities, to include as secondary to service-connected arteriosclerotic heart disease with hypertension, is dismissed.

____________________________________________
U. R. POWELL
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs