http://www.va.gov/vetapp16/Files5/1641952.txt

Citation Nr: 1641952 
Decision Date: 10/31/16 Archive Date: 11/08/16

DOCKET NO. 10-00 979 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas

THE ISSUE

Entitlement to an initial disability rating in excess of 50 percent for posttraumatic stress disorder (PTSD).

REPRESENTATION

Appellant represented by: Disabled American Veterans

ATTORNEY FOR THE BOARD

A. Hampton, Associate Counsel

INTRODUCTION

The Veteran honorably served on active duty from July 1967 to July 1970. 

This appeal comes before the Board of Veteran' Appeals (Board) on appeal of a May 2009 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Waco, Texas.

When this case was last before the Board in March 2016, it was remanded for additional development. The case is now again before the Board for further appellate action. 

Subsequent to the Board's March 2016 remand, the Appeals Management Center (AMC) in Washington, D.C., increased the Veteran's rating for his PTSD to 50 percent in a May 2016 rating decision. This did not satisfy the Veteran's appeal.

The record before the Board consists of electronic records within Virtual VA and the Veterans Benefits Management System.

FINDING OF FACT

Before the Board promulgated a decision in this appeal, the Veteran died in September 2016.

CONCLUSION OF LAW

Because of the death of the Veteran, the Board has no jurisdiction to adjudicate the merits of this appeal at this time. 38 U.S.C.A. § 7104(a) (West 2014); 38 C.F.R. § 20.1302 (2016); but see Veterans' Benefits Improvement Act of 2008, Pub. L. No. 110-389, § 212, 122 Stat. 4145, 4151 (2008); 38 U.S.C.A. § 5121A (West 2014).

REASONS AND BASES FOR FINDING AND CONCLUSION

Unfortunately, the Veteran died during the pendency of the appeal. As a matter of law, claims do not survive a claimant's death. Zevalkink v. Brown, 102 F.3d 1236, 1243-44 (Fed. Cir. 1996); Smith v. Brown, 10 Vet. App. 330, 333-34 (1997); Landicho v. Brown, 7 Vet. App. 42, 47 (1994). This appeal on the merits has become moot by virtue of the death of the Veteran and must be dismissed for lack of jurisdiction. See 38 U.S.C.A. § 7104(a) (West 2014); 38 C.F.R. § 20.1302 (2016).

In reaching this determination, the Board intimates no opinion as to the merits of this appeal or to any derivative claim brought by a survivor of the Veteran. 38 C.F.R. § 20.1106 (2016). 

The Board's dismissal of this appeal does not affect the right of an eligible person to file a request to be substituted as the appellant for purposes of processing the claim to completion. Such request must be filed not later than one year after the date of the appellant's death. See 38 U.S.C.A. § 5121A (West 2014); 38 C.F.R. § 3.1010(b) (2016). A person eligible for substitution includes "a living person who would be eligible to receive accrued benefits due to the claimant under section 5121(a) of this title . . . ." 38 U.S.C.A. § 5121A (West 2014); see 38 C.F.R. § 3.1010(a) (2016). An eligible party seeking substitution in an appeal that has been dismissed by the Board due to the death of the claimant should file a request for substitution with the VA office from which the claim originated (listed on the first page of this decision). 38 C.F.R. § 3.1010(b) (2016). 

ORDER

The appeal is dismissed.

____________________________________________
Shane A. Durkin
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs