Citation Nr: 1749161 
Decision Date: 10/31/17 Archive Date: 11/06/17

DOCKET NO. 13-15 358 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs (VA) Regional Office (RO) 
in Providence, Rhode Island


THE ISSUES

1. Entitlement to service connection for bilateral hearing loss.

2. Entitlement to service connection for tinnitus.


REPRESENTATION

Veteran represented by: The American Legion


ATTORNEY FOR THE BOARD

Michael Wilson, Counsel





INTRODUCTION

The Veteran had active military service from October 1961 to April 1965.

This appeal to the Board of Veterans' Appeals (Board) arose from a December 2010 rating decision in which the RO, inter alia, denied service connection for bilateral hearing loss and tinnitus. In February 2011, the Veteran filed a notice of disagreement (NOD). A statement of the case (SOC) was issued in April 2013, and the Veteran filed a substantive appeal (via a VA Form 9, Appeal to the Board of Veterans' Appeals) in May 2013. 

In February 2017, the Board remanded the claims on appeal for further evidentiary development. 

While the Veteran previously had a paper claims file, this appeal is now being processed utilizing the paperless, electronic Veterans Benefits Management System (VBMS) and Virtual VA paperless claims processing systems. 


FINDING OF FACT

In September 2017, prior to the promulgation of a decision by the Board in this case, the Veteran died.


CONCLUSION OF LAW

Due to the death of the Veteran, the Board has no jurisdiction to adjudicate the merits of his claims for service connection for bilateral hearing loss and tinnitus at this time. 38 U.S.C.A. § 7104(a) (West 2014); 38 C.F.R. § 20.1302 (2016).



REASONS AND BASES FOR FINDING AND CONCLUSION

Unfortunately, the Veteran died during the pendency of the appeal. As indicated in the Veteran's VBMS file, notification of death was received through the First Notice of Death (FNOD) Program, and was subsequently confirmed through a Social Security Administration Inquiry, with the date of death noted as September 13, 2017. 

As a matter of law, appellants' claims do not survive their deaths. Zevalkink v. Brown, 102 F.3d 1236, 1243-44 (Fed. Cir. 1996); Smith v. Brown, 10 Vet. App. 330, 333-34 (1997); Landicho v. Brown, 7 Vet. App. 42, 47 (1994). This appeal on the merits has become moot by virtue of the death of the Veteran and must be dismissed for lack of jurisdiction. See 38 U.S.C.A. § 7104(a); 38 C.F.R. § 20.1302.

In reaching this determination, the Board intimates no opinion as to the merits of this appeal or to any derivative claim brought by a survivor of the Veteran. 38 C.F.R. § 20.1106. 

The Board's dismissal of this appeal does not affect the right of an eligible person to file a request to be substituted as the appellant for purposes of processing the claim to completion. Such request must be filed not later than one year after the date of the appellant's death. See 38 U.S.C.A. § 5121A (West 2014); 38 C.F.R. § 3.1010(b) (2016). A person eligible for substitution includes "a living person who would be eligible to receive accrued benefits due to the claimant under section 5121(a) of this title ...." 38 U.S.C.A. § 5121A; see 38 C.F.R. § 3.1010(a). An eligible party seeking substitution in an appeal that has been dismissed by the Board due to the death of the claimant should file a request for substitution with the VA office from which the claim originated (listed on the first page of this decision). 38 C.F.R. § 3.1010(b). 




 (CONTINUED ON NEXT PAGE)


ORDER

The appeal is dismissed.




 
JACQUELINE E. MONROE
 Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs