Citation Nr: 1829333 
Decision Date: 05/25/18 Archive Date: 06/12/18

DOCKET NO. 14-32 781 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Portland, Oregon


THE ISSUES

1. Entitlement to compensation pursuant to 38 U.S.C. §1151, for hepatitis C.

2. Whether new and material evidence has been received to reopen a claim of service connection for a bilateral knee disability.

3. Whether new and material evidence has been received to reopen a claim of service connection for a psychiatric disability.

4. Entitlement to service connection for a bilateral knee disability.

5. Entitlement to service connection for a cervical spine disability, to include as secondary to a bilateral knee disability.

6. Entitlement to service connection for hemorrhoids.

7. Entitlement to service connection for asthma.

8. Entitlement to service connection for residuals of gonorrhea.

9. Entitlement to service connection for chronic prostatitis.

10. Entitlement to service connection for erectile dysfunction and sterility.

11. Entitlement to service connection for diabetes mellitus, to include as due to herbicide exposure.

12. Entitlement to service connection for hypertension, to include as due to herbicide exposure.

13. Entitlement to service connection for coronary artery disease, to include as due to herbicide exposure.

14. Entitlement to service connection for thyroid disability, to include as due to herbicide exposure.

15. Entitlement to service connection for obstructive sleep apnea, to include as secondary to hypertension, asthma, anxiety, and diabetes mellitus.

16. Entitlement to service connection for a psychiatric disability, to include as secondary to service-connected disability.

17. Entitlement to service connection for hepatitis C.

18. Entitlement to service connection for acute respiratory distress syndrome (ARDS).


ATTORNEY FOR THE BOARD

S. Mishalanie, Counsel


INTRODUCTION

The Veteran served on active duty from March 1971 to September 1972 in the United States Army. He died in June 2015.

This case comes before the Board of Veterans' Appeals (Board) on appeal from a rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Portland, Oregon. 


FINDINGS OF FACT

1. On May 3, 2018, the Board issued a decision addressing the issues on appeal.

2. After promulgation of the May 3, 2018, decision, the Board became aware that the appellant died in June 2015. 


CONCLUSIONS OF LAW

1. Vacatur of the Board's May 3, 2018, decision is warranted. 38 U.S.C. § 7104 (2012); 38 C.F.R. § 20.904 (2017).

2. Due to the death of the appellant, the Board has no jurisdiction to adjudicate the merits of this appeal at this time. 38 U.S.C. § 7104(a) (2012); 38 C.F.R. § 20.1302 (2017). 


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Board may vacate an appellate decision when the appellant is denied due process of law. 38 C.F.R. § 20.904(a). Unfortunately, the appellant died during the pendency of the appeal and prior to issuance of the Board's May 3, 2018 decision. As a matter of law, appellants' claims do not survive their deaths. Zevalkink v. Brown, 102 F.3d 1236, 1243-44 (Fed. Cir. 1996); Smith v. Brown, 10 Vet. App. 330, 333-34 (1997); Landicho v. Brown, 7 Vet. App. 42, 47 (1994). Because of the appellant's death in June 2015, the Board lacked jurisdiction to adjudicate the issues on appeal in May 2018. Therefore, the May 3, 2018 decision must be vacated as a matter of law.

Given the above, this appeal on the merits has become moot by virtue of the death of the appellant and must be dismissed for lack of jurisdiction. See 38 U.S.C. § 7104(a) (2012); 38 C.F.R. § 20.1302 (2017).

In reaching this determination, the Board intimates no opinion as to the merits of this appeal or to any derivative claim brought by a survivor of the Veteran. 38 C.F.R. § 20.1106 (2017). 

The Board's dismissal of this appeal does not affect the right of an eligible person to file a request to be substituted as the appellant for purposes of processing the claim to completion. Such request must be filed not later than one year after the date of the appellant's death. See 38 U.S.C. § 5121A (2012); 38 C.F.R. § 3.1010(b) (2017). A person eligible for substitution includes "a living person who would be eligible to receive accrued benefits due to the claimant under section 5121(a) of this title ...." 38 U.S.C. § 5121A (2012); see 38 C.F.R. § 3.1010(a) (2017). An eligible party seeking substitution in an appeal that has been dismissed by the Board due to the death of the claimant should file a request for substitution with the VA office from which the claim originated (listed on the first page of this decision). 38 C.F.R. § 3.1010(b) (2017). 








 (CONTINUED ON NEXT PAGE)

ORDER

The Board's May 3, 2018, decision in the instant appeal is vacated.

The appeal is dismissed.




 
Kristin Haddock
 Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs