Citation Nr: 1829337 
Decision Date: 05/25/18 Archive Date: 06/12/18

DOCKET NO. 13-28 188 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUES

1. Entitlement to a rating in excess of 20 percent for diabetes mellitus. 

2. Entitlement to a rating in excess of 10 percent for left knee disability. 

3. Entitlement to special monthly compensation (SMC) based on the need for aid and attendance or housebound status. 

4. Entitlement to specially adapted house or a special home adaptation grant. 


REPRESENTATION

Appellant represented by: Charles D. Romo, Attorney


ATTORNEY FOR THE BOARD

Joshua Castillo, Associate Counsel

INTRODUCTION

The Veteran served on active duty from December 1965 to September 1970, to include service in the Republic of Vietnam from April 1969 to March 1970. 

These matters are before the Board of Veterans' Appeals (Board) on appeal from February 2010, February 2012, October 2013, and October 2014 rating decisions by the Department of Veterans Affairs (VA) Regional Office (RO). 

In January 2016, the Board denied entitlement to service connection for peripheral neuropathy of the upper extremities and remanded the issues of entitlement to increased ratings for diabetes mellitus, a left knee disability, SMC based on the need for aid and attendance or housebound status for further development. The Board also remanded the Veteran's claim seeking entitlement to specially adapted housing or special home adaptation grant, which was remanded for the issuance of a Statement of the Case, which was not sent to the Veteran prior to his death.


FINDING OF FACT

In April 2018, the Board was notified that the appellant died in in March 2018.


CONCLUSION OF LAW

Due to the death of the appellant, the Board has no jurisdiction to adjudicate the merits of this appeal at this time. 38 U.S.C. § 7104(a) (2012); 38 C.F.R. § 20.1302 (2017). 


REASONS AND BASES FOR FINDING AND CONCLUSION

Unfortunately, the appellant died during the pendency of the appeal. As a matter of law, appellants' claims do not survive their deaths. Zevalkink v. Brown, 102 F.3d 1236, 1243-44 (Fed. Cir. 1996); Smith v. Brown, 10 Vet. App. 330, 333-34 (1997); Landicho v. Brown, 7 Vet. App. 42, 47 (1994). This appeal on the merits has become moot by virtue of the death of the appellant and must be dismissed for lack of jurisdiction. See 38 U.S.C. § 7104(a) (2012); 38 C.F.R. § 20.1302 (2017).

In reaching this determination, the Board intimates no opinion as to the merits of this appeal or to any derivative claim brought by a survivor of the Veteran. 38 C.F.R. § 20.1106 (2017). 

The Board's dismissal of this appeal does not affect the right of an eligible person to file a request to be substituted as the appellant for purposes of processing the claim to completion. Such request must be filed not later than one year after the date of the appellant's death. See 38 U.S.C. § 5121A (2012); 38 C.F.R. § 3.1010(b) (2017). A person eligible for substitution includes "a living person who would be eligible to receive accrued benefits due to the claimant under section 5121(a) of this title ...." 38 U.S.C. § 5121A (2012); see 38 C.F.R. § 3.1010(a) (2017). An eligible party seeking substitution in an appeal that has been dismissed by the Board due to the death of the claimant should file a request for substitution with the VA office from which the claim originated (listed on the first page of this decision). 38 C.F.R. § 3.1010(b) (2017). 


ORDER

The appeal is dismissed.




 
STEVEN D. REISS
 Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs