Citation Nr: 1829322 
Decision Date: 05/25/18 Archive Date: 06/12/18

DOCKET NO. 10-18 464 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Honolulu, Hawaii


THE ISSUES

1. Entitlement to service connection for an acquired psychiatric disorder, to include depression and memory loss.

2. Entitlement to an initial compensable rating for HIV-related illness.


REPRESENTATION

Veteran represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL
The Veteran


ATTORNEY FOR THE BOARD

R. Asante, Associate Counsel
INTRODUCTION

The Veteran served on active duty in the United States Navy from May 1972 to May 1976 and from October 1976 to March 1983.

This matter comes before the Board of Veterans' Appeals (Board) from October 2007 and September 2012 rating decisions of a Department of Veterans Affairs (VA) Regional Office (RO).

The Veteran provided testimony before a Veterans Law Judge in May 2011 regarding his acquired psychiatric disorder claim. In March 2013, the Veteran was notified that the Veterans Law Judge who conducted the hearing was no longer employed at the Board. Pursuant to 38 U.S.C. § 7101(c) (2012), the Veteran was offered another opportunity to testify at hearing before a Veterans Law Judge who could participate in making a final determination on his claims. He was informed that if not response as received within 30 days, the Board would assume he did not want another hearing and proceed accordingly. No response was received. 
 
The appeal was remanded for further development in May 2013. In August 2017, the appeal was remanded again in order to afford the Veteran another Board hearing, noting that after his May 2011 hearing service connection for his HIV-related illness was granted and the increased rating claim was now before the Board with a hearing request. Unfortunately, the Veteran died before he was able to attend this hearing.


FINDING OF FACT

On March 27, 2018, VA was notified that the Veteran died in February 2018.






CONCLUSION OF LAW

Due to the death of the Veteran, the Board has no jurisdiction to adjudicate the merits of this appeal at this time. 38 U.S.C. § 7104(a) (2012); 38 C.F.R. § 20.1302 (2017). 


REASONS AND BASES FOR FINDING AND CONCLUSION

Unfortunately, the Veteran died during the pendency of the appeal. As a matter of law, appellants' claims do not survive their deaths. Zevalkink v. Brown, 102 F.3d 1236, 1243-44 (Fed. Cir. 1996); Smith v. Brown, 10 Vet. App. 330, 333-34 (1997); Landicho v. Brown, 7 Vet. App. 42, 47 (1994). Accordingly, this appeal on the merits has become moot by virtue of the death of the Veteran and must be dismissed for lack of jurisdiction. See 38 U.S.C. § 7104(a); 38 C.F.R. § 20.1302.

In reaching this determination, the Board intimates no opinion as to the merits of this appeal or to any derivative claim brought by a survivor of the Veteran. 38 C.F.R. § 20.1106. The Board's dismissal of this appeal does not affect the right of an eligible person to file a request to be substituted as the appellant for purposes of processing the claim to completion. A person eligible for substitution includes "a living person who would be eligible to receive accrued benefits due to the claimant under section 5121(a) of this title ....". 38 U.S.C. § 5121A; see 38 C.F.R. § 3.1010(a). An eligible party seeking substitution in an appeal that has been dismissed by the Board due to the death of the claimant should file a request for substitution with the Agency of Original Jurisdiction (AOJ) not later than one year after the date of the Veteran's death. 38 C.F.R. §§ 3.1010(b), 20.1302(a). If the AOJ grants the request to substitute, the case will assume its original place on the Board's docket. 38 C.F.R. §§ 20.1302(a), 20.900(a)(2).


ORDER

The Veteran's appeal is dismissed.



 
S. BUSH
 Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs