Citation Nr: 1829586 
Decision Date: 06/18/18 Archive Date: 07/02/18

DOCKET NO. 18-20 798 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Winston-Salem, North Carolina


THE ISSUES

1. A rating in excess of 10 percent from August 20, 2003, to April 26, 2005; a rating in excess of 20 percent from April 27, 2005, to February 24, 2010; a rating of in excess of 30 percent from February 25, 2010, to May 6, 2012; and a rating in excess of 60 percent from May 7, 2012, to May 27, 2017, for entitlement to service connection for hepatitis C.

2. A rating of total disability based on individual unemployability (TDIU).

REPRESENTATION

Appellant represented by: Thomas P.F. Kiely, Attorney


ATTORNEY FOR THE BOARD

Carolyn M. Colley, Associate Counsel



INTRODUCTION

The Veteran served on active duty from February 1970 to September 1970. 
This matter comes before the Board of Veterans' Appeals (Board) on appeal from an April 2018 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Winston-Salem, North Carolina. 
In April 2018, the Veteran testified at a Board videoconference hearing before the undersigned Veterans Law Judge. A transcript is of record. 

FINDING OF FACT

In June 2018, the Board was notified that the Veteran died in June 2018.

CONCLUSION OF LAW

Due to the death of the Veteran, the Board has no jurisdiction to adjudicate the merits of this appeal at this time. 38 U.S.C. § 7104 (a) (2012); 38 C.F.R. § 20.1302 (2017).

REASONS AND BASES FOR FINDING AND CONCLUSION

Unfortunately, the Veteran died during the pendency of the appeal. As a matter of law, Veterans' claims do not survive their deaths. Zevalkink v. Brown, 102 F.3d 1236, 1243-44 (Fed. Cir. 1996); Smith v. Brown, 10 Vet. App. 330, 333-34 (1997); Landicho v. Brown, 7 Vet. App. 42, 47 (1994). This appeal on the merits has become moot by virtue of the death of the Veteran and must be dismissed for lack of jurisdiction. See 38 U.S.C. § 7104 (a) (2012); 38 C.F.R. § 20.1302 (2017).

In reaching this determination, the Board intimates no opinion as to the merits of this appeal or to any derivative claim brought by a survivor of the Veteran. 38 C.F.R. § 20.1106 (2017). 

The Board's dismissal of this appeal does not affect the right of an eligible person to file a request to be substituted as the appellant for purposes of processing the claim to completion. Such request must be filed not later than one year after the date of the appellant's death. See 38 U.S.C. § 5121A (2012); 38 C.F.R. § 3.1010 (b) (2017). A person eligible for substitution includes "a living person who would be eligible to receive accrued benefits due to the claimant under section 5121(a) of this title...." 38 U.S.C. § 5121A (2012); see 38 C.F.R. § 3.1010 (a) (2017). An eligible party seeking substitution in an appeal that has been dismissed by the Board due to the death of the claimant should file a request for substitution with the VA office from which the claim originated (listed on the first page of this decision). 38 C.F.R. § 3.1010 (b) (2017).


ORDER

The appeal is dismissed.




 
Vito A. Clementi
 Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs