Citation Nr: 1829625 
Decision Date: 06/28/18 Archive Date: 07/02/18

DOCKET NO. 14-22 682 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas


THE ISSUES

1. Entitlement to an initial compensable rating for gastroesophageal reflux disease (GERD).

2. Whether new and material evidence to reopen a claim of entitlement to service connection for a sinus condition.

3. Whether new and material evidence to reopen a claim of entitlement to service connection for hearing loss.

4. Entitlement to service connection for peripheral neuropathy of both lower extremities.

5. Entitlement to service connection for a skin disorder.

6. Entitlement to service connection for a genitourinary disorder, to include erectile dysfunction.

7. Entitlement to a rating higher than 50 percent for PTSD.

8. Entitlement to a rating higher than 30 percent for coronary artery disease (CAD).

9. Entitlement to a total rating on the basis of unemployability due to service-connected disability.


REPRESENTATION

Appellant represented by: Christopher Loiacono, National Veterans Disability Advocates


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

W.T. Snyder


INTRODUCTION

The Veteran served on active duty from August 1969 to April 1972.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from June 2010, January 2011, and November 2011 rating decisions issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Waco, Texas. The Veteran testified before the undersigned in a September 2015 hearing.


FINDING OF FACT

On June 20, 2018 VA was notified that the appellant died in June 2018 (06/26/2018 Report of Death).


CONCLUSION OF LAW

Due to the death of the appellant, the Board has no jurisdiction to adjudicate the merits of this appeal at this time. 38 U.S.C. § 7104(a) (West 2); 38 C.F.R. § 20.1302 (2017). 


REASONS AND BASES FOR FINDING AND CONCLUSION

Unfortunately, the appellant died during the pendency of the appeal. As a matter of law, appellants' claims do not survive their deaths. Zevalkink v. Brown, 102 F.3d 1236, 1243-44 (Fed. Cir. 1996); Smith v. Brown, 10 Vet. App. 330, 333-34 (1997); Landicho v. Brown, 7 Vet. App. 42, 47 (1994). This appeal on the merits has become moot by virtue of the death of the appellant and must be dismissed for lack of jurisdiction. See 38 U.S.C.A. § 7104(a) (West 2014); 38 C.F.R. § 20.1302 (2017).

In reaching this determination, the Board intimates no opinion as to the merits of this appeal or to any derivative claim brought by a survivor of the Veteran. 38 C.F.R. § 20.1106 (2017). 

The Board's dismissal of this appeal does not affect the right of an eligible person to file a request to be substituted as the appellant for purposes of processing the claim to completion. Such request must be filed not later than one year after the date of the appellant's death. See 38 U.S.C.A. § 5121A (West 2014); 38 C.F.R. § 3.1010(b) (2017). A person eligible for substitution includes "a living person who would be eligible to receive accrued benefits due to the claimant under section 5121(a) of this title ...." 38 U.S.C.A. § 5121A (West 2014); see 38 C.F.R. § 3.1010(a) (2017). An eligible party seeking substitution in an appeal that has been dismissed by the Board due to the death of the claimant should file a request for substitution with the VA office from which the claim originated (listed on the first page of this decision). 38 C.F.R. § 3.1010(b) (2017). 


ORDER

The appeal of all issued noted above is dismissed.




 
ERIC S. LEBOFF
 Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs