Citation Nr: 1829806 
Decision Date: 08/16/18 Archive Date: 08/30/18

DOCKET NO. 12-25 276 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs (VA) Regional Office (RO)
in Nashville, Tennessee


THE ISSUES

1. Entitlement to an initial 30 percent for bilateral pes planus with contracted 5th digits, status-post right foot 5th digit arthroplasty with exostectomy, status-post left foot arthroplasty of 5th digit (bilateral foot disability), prior to August 10, 2016.
2. Entitlement to a rating in excess of 50 percent for bilateral foot disability, from August 10, 2016.
3. Entitlement to service connection for drug abuse and alcoholism, claimed as secondary to service-connected PTSD.
4. Entitlement to a total disability rating based on individual unemployability (TDIU) on an extra-schedular basis pursuant to 38 C.F.R. § 4.16(b), prior to August 10, 2016.

REPRESENTATION

Veteran represented by: Karl Kazmierczak, Attorney


WITNESS AT HEARING ON APPEAL

Veteran 


ATTORNEY FOR THE BOARD

Sarah Campbell

INTRODUCTION

The Veteran served on active duty from August 1970 to February 1972.
This appeal to the Board of Veterans' Appeals (Board) arose from a May 2011 rating decision in which the RO denied service condition for an acquired psychiatric disorder, but awarded service connection and assigned an initial, 0 percent (noncompensable) rating for bilateral foot disability, effective July 16, 2010. 
In May 2011, the Veteran filed a notice of disagreement (NOD). In August 2012, the RO awarded the Veteran a temporary total rating for bilateral foot disability from January 1, 2012, continued the 10 percent rating for that condition from March 1, 2012, and issued a SOC. Later that same month, the Veteran filed a substantive appeal (via a VA Form 9, Appeal to the Board of Veterans' Appeals).
In November 2012, the RO awarded the Veteran another temporary total rating for bilateral foot disability from September 21, 2012, and continued the 10 percent from November 1, 2012. Notably, evaluation of the disability under consideration excludes the periods during which a temporary total rating was assigned.
In March 2015, the Veteran testified during a Board hearing before the undersigned Veterans Law Judge; a transcript of the hearing has been associated with the claims file. 
In July 2015, the Board bifurcated the psychiatric condition claim into separate claims for service connection for an acquired psychiatric disorder and for alcoholism and drug abuse secondary to acquired psychiatric disorder, and remanded the claims on appeal to the agency of original jurisdiction (AOJ) for further development. 
After accomplishing further action pursuant to the July 2015 remand, in an August 2017 rating decision, the AOJ assigned a higher, 50 percent rating for bilateral foot disability, effective August 10, 2016. However, as reflected in the June 2018 supplemental SOC, the AOJ continued to deny a disability rating higher than 10 percent prior to August 10, 2016, and a rating higher than 50 percent from that date. 
Also in the August 2017 rating decision, the AOJ granted service connection and assigned an initial 30 percent rating for posttraumatic stress disorder (PTSD), effective August 5, 2016. The Veteran did not disagree with either the rating or effective date assigned.
Additionally, the AOJ awarded a TDIU due to the Veteran's bilateral foot disability, effective August 10, 2016-the date the Veteran met the percentage requirements for a schedular TDIU set forth in 38 C.F.R. § 4.16(a). The Veteran filed a NOD later that month, asserting entitlement to an extra-schedular TDIU prior August 10, 2016. 

FINDING OF FACT

On July 17, 2018, the Board was notified that the Veteran died on July [redacted], 2018.


CONCLUSION OF LAW

Due to the death of the Veteran, the Board has no jurisdiction to adjudicate the merits of the claims on appeal at this time. 38 U.S.C. § 7104(a) (2012); 38 C.F.R. § 20.1302 (2017). 


REASONS AND BASES FOR FINDING AND CONCLUSION

Unfortunately, the Veteran died during the pendency of the appeal. As a matter of law, appellants' claims do not survive their deaths. Zevalkink v. Brown, 102 F.3d 1236, 1243-44 (Fed. Cir. 1996); Smith v. Brown, 10 Vet. App. 330, 333-34 (1997); Landicho v. Brown, 7 Vet. App. 42, 47 (1994). This appeal on the merits has become moot by virtue of the death of the appellant and must be dismissed for lack of jurisdiction. See 38 U.S.C. § 7104(a); 38 C.F.R. § 20.1302.

In reaching this determination, the Board intimates no opinion as to the merits of this appeal or to any derivative claim brought by a survivor of the Veteran. 38 C.F.R. § 20.1106. The Board's dismissal of this appeal does not affect the right of an eligible person to file a request to be substituted as the appellant for purposes of processing the claim to completion. Such request must be filed not later than one year after the date of the appellant's death. See 38 U.S.C. § 5121A; 38 C.F.R. § 3.1010(b). A person eligible for substitution includes "a living person who would be eligible to receive accrued benefits due to the claimant under section 5121(a) of this title ...." 38 U.S.C. § 5121A; see 38 C.F.R. § 3.1010(a). An eligible party seeking substitution in an appeal that has been dismissed by the Board due to the death of the claimant should file a request for substitution with the VA office from which the claim originated (listed on the first page of this decision). 38 C.F.R. § 3.1010(b). 


ORDER

The appeal is dismissed.




 
JACQUELINE E. MONROE
 Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs