Citation Nr: 1829823 
Decision Date: 08/30/18 Archive Date: 09/05/18

DOCKET NO. 15-19 040 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office (RO)and Insurance Center 
in St. Paul, Minnesota

THE ISSUES

1. Entitlement to service connection for the cause of the Veteran's death.

2. Entitlement to dependency an indemnity compensation (DIC) under 38 U.S.C. § 1318.

3. Entitlement to death pension.

REPRESENTATION

Appellant represented by: Texas Veterans Commission


ATTORNEY FOR THE BOARD

Michael Sanford, Counsel


INTRODUCTION

The Veteran served on active duty from June 1942 to January 1946. He died in April 2011. The appellant was his surviving spouse.

This appeal to the Board of Veterans' Appeals (Board) arose from a July 2011 decision in which the RO in St. Paul, Minnesota denied the claims of entitlement to service connection for the cause of the Veteran's death, entitlement to DIC compensation under U.S.C. § 1318, and death pension. The appellant filed a notice of disagreement (NOD) in April 2012. The RO issued a statement of the case (SOC) in April 2015 and the appellant filed a substantive appeal (via a VA Form 9, Appeal to the Board of Veterans' Appeals) in March 2015. A supplemental SOC (SSOC) was issued in May 2015.


FINDING OF FACT

In November 2016, the Board was notified by the appellant's representative that the appellant died in October 2015.


CONCLUSION OF LAW

Due to the death of the appellant, the Board has no jurisdiction to adjudicate the merits of this appeal at this time. 38 U.S.C. § 7104(a); 38 C.F.R. § 20.1302. 





REASONS AND BASES FOR FINDING AND CONCLUSION

Unfortunately, the appellant died during the pendency of the appeal. As a matter of law, appellants' claims do not survive their deaths. Zevalkink v. Brown, 102 F.3d 1236, 1243-44 (Fed. Cir. 1996); Smith v. Brown, 10 Vet. App. 330, 333-34 (1997); Landicho v. Brown, 7 Vet. App. 42, 47 (1994). This appeal on the merits has become moot by virtue of the death of the appellant and must be dismissed for lack of jurisdiction. See 38 U.S.C. § 7104(a); 38 C.F.R. § 20.1302.

In reaching this determination, the Board intimates no opinion as to the merits of this appeal or to any derivative claim brought by a survivor of the appellant. 38 C.F.R. § 20.1106. 

The Board's dismissal of this appeal does not affect the right of an eligible person to file a request to be substituted as the appellant for purposes of processing the claim to completion. Such request must be filed not later than one year after the date of the appellant's death. See 38 U.S.C. § 5121A; 38 C.F.R. § 3.1010(b). A person eligible for substitution includes "a living person who would be eligible to receive accrued benefits due to the claimant under section 5121(a) of this title ...." 38 U.S.C.A. § 5121A; see 38 C.F.R. § 3.1010(a) (2017). An eligible party seeking substitution in an appeal that has been dismissed by the Board due to the death of the claimant should file a request for substitution with the VA office from which the claim originated (listed on the first page of this decision). 38 C.F.R. § 3.1010(b). 








(Continued on the next page)
ORDER

The appeal is dismissed.




 
JACQUELINE E. MONROE
 Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs