Citation Nr: 1829873 
Decision Date: 09/19/18 Archive Date: 09/24/18

DOCKET NO. 15-38 225 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Houston, Texas



THE ISSUES

1. Whether new and material evidence has been received to reopen a claim for service connection for normocytic normochromic anemia, to include as secondary to the service-connected splenectomy residuals.

2. Entitlement to service connection for hypertension, to include as secondary to the service-connected splenectomy residuals.

3. Entitlement to service connection for a kidney disability, to include as secondary to the service-connected splenectomy residuals.



REPRESENTATION

Appellant represented by: Texas Veterans Commission


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

J. Smith, Counsel


INTRODUCTION

The Veteran served on active duty from May 1968 to May 1970 in the United States Army. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an April 2013 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO).

In October 2016, the Veteran testified before the undersigned during a hearing at the RO. A transcript of the hearing is included in the electronic claims file. 


FINDING OF FACT

In September 2018, the Board received notification that the Veteran died in August 2018.


CONCLUSION OF LAW

Due to the death of the appellant, the Board has no jurisdiction to adjudicate the merits of this appeal at this time. 38 U.S.C. § 7104(a); 38 C.F.R. § 20.1302. 


REASONS AND BASES FOR FINDING AND CONCLUSION

Unfortunately, the appellant died during the pendency of the appeal. As a matter of law, appellants' claims do not survive their deaths. Zevalkink v. Brown, 102 F.3d 1236, 1243-44 (Fed. Cir. 1996); Smith v. Brown, 10 Vet. App. 330, 333-34 (1997); Landicho v. Brown, 7 Vet. App. 42, 47 (1994). This appeal on the merits has become moot by virtue of the death of the appellant and must be dismissed for lack of jurisdiction. See 38 U.S.C. § 7104(a); 38 C.F.R. § 20.1302.

In reaching this determination, the Board intimates no opinion as to the merits of this appeal or to any derivative claim brought by a survivor of the Veteran. 38 C.F.R. § 20.1106. 

The Board's dismissal of this appeal does not affect the right of an eligible person to file a request to be substituted as the appellant for purposes of processing the claim to completion. Such request must be filed not later than one year after the date of the appellant's death. See 38 U.S.C. § 5121A; 38 C.F.R. § 3.1010(b). A person eligible for substitution includes "a living person who would be eligible to receive accrued benefits due to the claimant under section 5121(a) of this title ...." 38 U.S.C. § 5121A; see 38 C.F.R. § 3.1010(a). An eligible party seeking substitution in an appeal that has been dismissed by the Board due to the death of the claimant should file a request for substitution with the VA office from which the claim originated (listed on the first page of this decision). 38 C.F.R. § 3.1010(b). 












ORDER

The appeal of whether new and material evidence has been received to reopen a claim for service connection for normocytic normochromic anemia, to include as secondary to the service-connected splenectomy residuals, is dismissed.

The appeal of entitlement to service connection for hypertension, to include as secondary to the service-connected splenectomy residuals, is dismissed.

The appeal of entitlement to service connection for a kidney disability, to include as secondary to the service-connected splenectomy residuals, is dismissed.



 
M. TENNER
 Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs