Citation Nr: 1829942 
Decision Date: 11/20/18 Archive Date: 12/06/18

DOCKET NO. 18-28 048 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Roanoke, Virginia


THE ISSUES

Whether new and material evidence has been submitted sufficient to reopen a claim for entitlement to service connection for congestive heart failure with non-ischemic cardiomyopathy.

Entitlement to service connection for a heart disability, to include congestive heart failure due to non-ischemic cardiomyopathy.

Entitlement to service connection for hypertension.

Entitlement to service connection for headaches.

Entitlement to an initial rating greater than 10 percent for diabetes mellitus, type II.

Entitlement to an initial rating greater than 10 percent for right lower extremity peripheral neuropathy.

Entitlement to an initial rating greater than 10 percent for left lower extremity peripheral neuropathy.
Entitlement to an increased rating greater than 50 percent for posttraumatic stress disorder (PTSD).

Entitlement to an effective date prior to December 11, 2014, for the grant of entitlement to service connection for diabetes mellitus, type II.

Entitlement to an effective date prior to December 11, 2014, for the grant of entitlement to service connection for left lower extremity peripheral neuropathy.

Entitlement to an effective date prior to December 11, 2014, for the grant of entitlement to service connection for right lower extremity peripheral neuropathy.

Entitlement to a total disability rating based on individual unemployability (TDIU).

REPRESENTATION

Appellant represented by: J. Michael Woods, Attorney at Law


ATTORNEY FOR THE BOARD

C. J. Houbeck, Counsel


INTRODUCTION

The Veteran had active service in the United States Army from November 1965 to September 1967 including combat service in the Republic of Vietnam. He was awarded the Purple Heart Medal and Combat Infantryman's Badge.


FINDING OF FACT

On November 13, 2018, the Board received notification that the appellant died that same day.


CONCLUSION OF LAW

Due to the death of the appellant, the Board has no jurisdiction to adjudicate the merits of this appeal at this time. 38 U.S.C. § 7104(a) (2012); 38 C.F.R. § 20.1302 (2018). 


REASONS AND BASES FOR FINDING AND CONCLUSION

Unfortunately, the appellant died during the pendency of the appeal. As a matter of law, appellants' claims do not survive their deaths. Zevalkink v. Brown, 102 F.3d 1236, 1243-44 (Fed. Cir. 1996); Smith v. Brown, 10 Vet. App. 330, 333-34 (1997); Landicho v. Brown, 7 Vet. App. 42, 47 (1994). This appeal on the merits has become moot by virtue of the death of the appellant and must be dismissed for lack of jurisdiction. See 38 U.S.C. § 7104(a) (2012); 38 C.F.R. § 20.1302 (2018).

In reaching this determination, the Board intimates no opinion as to the merits of this appeal or to any derivative claim brought by a survivor of the Veteran. 38 C.F.R. § 20.1106 (2018). 

The Board's dismissal of this appeal does not affect the right of an eligible person to file a request to be substituted as the appellant for purposes of processing the claim to completion. Such request must be filed not later than one year after the date of the appellant's death. See 38 U.S.C. § 5121A (2012); 38 C.F.R. § 3.1010(b) (2018). A person eligible for substitution includes "a living person who would be eligible to receive accrued benefits due to the claimant under section 5121(a) of this title ...." 38 U.S.C. § 5121A (2012); see 38 C.F.R. § 3.1010(a) (2018). An eligible party seeking substitution in an appeal that has been dismissed by the Board due to the death of the claimant should file a request for substitution with the VA office from which the claim originated (listed on the first page of this decision). 38 C.F.R. § 3.1010(b) (2018). 



ORDER

The appeal is dismissed.




 
J. W. FRANCIS
 Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs