﻿Citation Nr: AXXXXXXXX
Decision Date: 02/26/21 Archive Date: 02/26/21

DOCKET NO. 191009-36830
DATE: February 26, 2021

ORDER

Entitlement to service connection for Crohn’s disease is dismissed.

Entitlement to service connection for duodenal cancer is dismissed.

FINDING OF FACT

The Veteran passed away on May 6, 2020.

CONCLUSION OF LAW

Due to the death of the appellant, the Board has no jurisdiction to adjudicate the merits of this appeal at this time. 38 U.S.C. § 7104(a); 38 C.F.R. § 20.1302.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty in the U.S. Army from June 1969 to January 1972.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review.

In a May 2019 rating decision, the Agency of Original Jurisdiction (AOJ) denied entitlement to service connection for Crohn’s disease and duodenal cancer. The Veteran filed a VA Form 20-0996, Request for Higher-Level Review, in June 2019. The AOJ issued another rating decision in July 2019, continuing the denial of his claims. In October 2019, the Veteran filed a VA Form 10182, Notice of Disagreement, selecting the direct review lane. 

Unfortunately, the Veteran died during the pendency of the appeal. As a matter of law, appellants’ claims do not survive their deaths. Zevalkink v. Brown, 102 F.3d 1236, 1243-44 (Fed. Cir. 1996); Smith v. Brown, 10 Vet. App. 330, 333-34 (1997); Landicho v. Brown, 7 Vet. App. 42, 47 (1994). This appeal on the merits has become moot by virtue of the death of the appellant and must be dismissed for lack of jurisdiction. 38 U.S.C. § 7104(a); 38 C.F.R. § 20.1302.

In reaching this determination, the Board intimates no opinion as to the merits of this appeal or to any derivative claim brought by a survivor of the Veteran. 38 C.F.R. § 20.1106.

(Continued on the next page)

 

The Board’s dismissal of this appeal does not affect the right of an eligible person to file a request to be substituted as the appellant for purposes of processing the claim to completion. Such request must be filed not later than one year after the date of the appellant’s death. 38 U.S.C. § 5121A; 38 C.F.R. § 3.1010(b). A person eligible for substitution includes “a living person who would be eligible to receive accrued benefits due to the claimant under section 5121(a) of this title ….” 38 U.S.C. § 5121A; 38 C.F.R. § 3.1010(a). An eligible party seeking substitution in an appeal that has been dismissed by the Board due to the death of the claimant should file a request for substitution with the VA office from which the claim originated. 38 C.F.R. § 3.1010(b).

 

 

Jenna Brant

Acting Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board M. Katz, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.